Per Curiam.
Objectant-appellant, one of four beneficiaries under the will of Thomas Clarke, appeals as of right from a decree of the Surrogate’s Court, Kings County, settling the intermediate account of the petitioners-respondents, executors and trustees of the Clarke estate.
As executors and trustees of the estate of Thomas Clarke, respondents controlled a corporation which held title to two parcels of undeveloped land in Florida.
The chief controversy on this appeal is whether the Appellate Division was in error in unanimously affirming the finding of the Surrogate that the respondents were not negligent in selling property which had been listed for sale with brokers for 19 years without success. The propriety of this action in view of a subsequent increase in value is clearly one of fact. As in all cases of this kind we cannot reverse unless we are prepared to say that respondents acted imprudently as a matter of law. (Matter of Clark, 257 N. Y. 132; Matter of Hubbell, 302 N. Y. 246.) The record shows conflicting estimates of the land’s value at the time of sale given by experts before the Referee. Although appellant tries to show that her expert is more expert than respondents’ expert, the findings below come within the usual rule stated in Matter of Hubbell (supra, p. 258): “ Normally, the determination of whether the conduct of a trustee measures up to the appropriate standards of prudence, vigilance and care, is a fact to be found by the trial court.”
A further ground urged for reversal is the effect on the sale of the receipt by respondents’ former attorney of part of the commission of Seward, a broker, to whom Tilton, the broker who acted for the purchaser, gave 10% ($1,800) of his commission at the attorney’s request. The property had been listed with Seward for some time and Seward had promised the attorney to divide whatever commission came to him as a result of the sale of the property. Seward’s client’s offer was rejected, however, in favor of an offer tendered through Tilton. It appears that the attorney was in touch with Tilton concerning an overriding commission for Seward at some time before the acceptance of Tilton’s offer on October 21. This being so, if the attorney had engineered the sale to Tilton with the acquiescence of respondents it would be open to serious question. This, however, did not happen. Upon receipt of Tilton’s first offer *187 (for $150,000), respondents took the helm and obtained independent appraisals and conducted direct conferences with Tilton. Indeed, respondents did not follow the attorney’s recommendation to accept this offer, but instead negotiated Tilton up to $180,000, the amount indicated by the appraisal they had obtained. The Referee and Surrogate were amply justified, therefore, in finding that the attorney’s machinations did not taint the sale of the land and that respondents (who knew nothing of the attorney’s arrangements until long after the sale) did not act imprudently in selling the property.
The last phase of this appeal is the correctness of the award of a $4,700 fee to the above-mentioned former attorney for services as attorney for the estate. The Referee, as confirmed by the Surrogate, found that $5,500 was a reasonable compensation for the attorney’s services to the estate, but reduced that amount by $800, the amount received from Seward.
The Referee and Surrogate found that the attorney had an antecedent agreement with Seward, with whom the property had been long listed, to divide any commissions received by Seward on the sale of estate property. Further, sometime in October — before Tilton’s offer was accepted on October 21 — the attorney persuaded Tilton to give Seward part of his commission. This is established by the attorney’s own admissions. The attorney admitted that a telegram from Tilton to respondents referred to his request to Tilton to give Seward something.
The agreement with Seward, even without the subsequent arrangement with Tilton, put the attorney in a position of divided loyalty. An attorney for a fiduciary has the same duty of undivided loyalty to the cestui as the fiduciary himself. (Matter of People [Bond & Mtge. Guar. Co.], 303 N. Y. 423.) And it matters not that no actual harm was done the estate; the vice is placing oneself in a position where self interest presents a second master to serve. (Matter of People [Bond & Mtge. Guar. Co.], supra.) The situation was only aggravated by the subsequent arrangement with Tilton and the pressing for acceptance of Tilton’s first offer of $150,000. ‘ ‘ ‘ Where an actual conflict of interests exists, no more need be shown * * * to support a denial of compensation.’” (Matter of Jones, 8 N Y 2d 24, 28.) *188 On the established facts before us there was no room for discretion; the attorney’s conduct came within the fixed rule of law denying compensation in cases of divided loyalty of fiduciaries or their attorneys. (Matter of Jones, 8 N Y 2d 24, supra.)
The decree appealed from should be modified by striking the award of compensation to petitioners’ attorney for services rendered prior to the contested accounting and adding a direction to return to the estate the advance of $2,000 he received from petitioners for such services, and a further direction to turn over to the estate the sum of $800 received by him in breach of his fiduciary duty, and, as so modified, affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Decree of the Surrogate’s Court modified in accordance with the opinion herein and, as so modified, affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.