◼ SWALG DEVELOPMENT CORP., Appellant, v SPENCER H. GAINES et al., Respondents, et al., Defendant. [710 NYS2d 619] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Milano, J.), dated July 27, 1999, which granted the motion of the defendants Spencer H. Gaines and Ginzburg, Gaines & Gaines for summary judgment dismissing the complaint insofar as asserted against them, and

dismissed the complaint insofar as it was asserted against those defendants.

Ordered that the order and judgment is reversed, on the law, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

On January 9, 1985, the plaintiff purchased certain real property from the City of New York at a public auction. Under the terms of the auction, the plaintiff waived any objection to the City's title unless such objection was made within 30 days after the date of the auction. The plaintiff did not object to the City's title within the 30-day period. The present action to recover damages for legal malpractice was commenced after the plaintiff discovered a defect in the City's title.

The defendants Spencer H. Gaines and Ginzburg, Gaines & Gaines (hereinafter the respondents) made a motion for summary judgment, based on the theory that no attorney-client relationship existed until June 1985, by which time the plaintiff had already waived its objections to the City's title. Thus, the respondents contend, any malpractice in connection with the failure to examine the title, or to bring a timely action against the City, did not proximately cause any damage to the plaintiff. The Supreme Court granted the motion. We reverse.

In support of their motion, the respondents submitted an affirmation of counsel which was devoid of evidentiary value. The plaintiff's bill of particulars, upon which the respondents relied, states that an attorney-client relationship existed as early as January 1985, even though it also states that the respondents were not "retained" until June 1985. An attorney-client relationship may exist in the absence of a formal retainer agreement (*see, Haythe & Curley v Harkins,* 214 AD2d 361; *Rann v Lerner,* 160 AD2d 922; *see also, C.K. Indus. Corp. v C.M. Indus. Corp.,* 213 AD2d 846, 847; *Kubin v Miller,* 801 F Supp 1101, 1115). Under the circumstances, the respondents failed to demonstrate entitlement to judgment as a matter of law. Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.