JUDITH CHINELLO et al., as Administrators C.T.A. of the Estate of PAMELA C. CREIGHTON, Deceased, Appellants, v NIXON, HARGRAVE, DEVANS & DOYLE, LLP, et al., Respondents. [788 NYS2d 750]—

Appeal from an order of the Supreme Court, Monroe County (Raymond E. Cornelius, J.), entered March 4, 2004. The order granted the cross motion of defendants seeking summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendants' cross motion for summary judgment dismissing the amended

complaint. Pamela C. Creighton (decedent) commenced this action alleging that defendants engaged in legal malpractice and breached the fiduciary duty allegedly owed to her as the beneficiary of a trust that was administered by defendants' client. Plaintiffs, as administrators c.t.a. of the estate of decedent, were thereafter substituted as parties upon decedent's death. Plaintiffs' cause of action for legal malpractice is based upon decedent's execution of a "Waiver of Citation and Consent to Accounting" (Waiver) in 1997. We conclude that defendants met their burden of establishing as a matter of law that there was no continuous attorney-client relationship between defendants and decedent upon which plaintiffs could recover for legal malpractice based on decedent's execution of the Waiver in 1997 (*see Rigby v David Share Assoc.*, 8 AD3d 1006, 1007 [2004]; *cf. Tabner v Drake*, 9 AD3d 606, 609 [2004]). As the court properly determined, defendants ceased their representation of decedent in 1994, when they performed the final legal duties for which decedent retained their services. Defendants established as a matter of law that decedent did not retain them for any further services and that there were no ongoing communications between defendants and decedent. Thus, the record does not support plaintiffs' contention that a continuing relationship existed. Rather, defendants established as a matter of law that there was no mutual understanding that further legal representation was necessary regarding a specific subject matter or that decedent reasonably believed that defendants were addressing her legal needs (*see generally Shumsky v Eisenstein*, 96 NY2d 164, 169 [2001]). The unilateral belief of decedent that defendants continued to represent her because they had previously represented her on another matter is insufficient to establish the existence of a continuing relationship (*see Rasmussen v A.C.T. Envtl. Servs.*, 292 AD2d 710, 711 [2002]).

Plaintiffs further contend both with respect to the alleged legal malpractice and the alleged breach of fiduciary duty that, even assuming, arguendo, that defendants did not in fact represent decedent in 1997, we should nevertheless conclude that defendants, as attorneys for the trustee, were liable to decedent for both malpractice and breach of fiduciary duty. We reject that contention. "[A]bsent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Rovello v Klein*, 304 AD2d 638, 638 [2003], *lv denied* 100 NY2d 509 [2003]). While an attorney for a trustee will be liable for breach of a fiduciary duty to third-party beneficiaries of the trust if the attorney places his or her self-interest above that of the trustee (*see Matter of People [Bond & Mtge. Guar. Co.]*, 303

NY 423, 431 [1952]; *Weingarten v Warren,* 753 F Supp 491, 495-496 [1990]; *see generally Matter of Clarke,* 12 NY2d 183, 187 [1962]), there is no evidence of such self-interest in the record before us. Consequently, the court properly granted defendants' cross motion and dismissed the amended complaint. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.