BENJAMIN VELASQUEZ, Respondent, v RICHARD J. KATZ, Appellant. [840 NYS2d 410]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated December 22, 2005, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

In January 1994 the decedent Miguel Perez (hereinafter the decedent) commenced a medical malpractice action (hereinafter the underlying action) against Lutheran Medical Center (hereinafter Lutheran) alleging a failure to timely diagnose and treat his colorectal cancer condition. The decedent was represented by the defendant, Richard J. Katz. Thereafter, on September 16, 1994, the decedent executed his last will and testament (hereinafter the Will), naming the plaintiff, his brother, as executor. The Will was retained in the defendant's possession. On February 5, 1995, the decedent passed away from an unrelated cause.

The defendant alleged that soon after the decedent's passing, he informed the plaintiff of the necessity of probating the Will in order to pursue the underlying action. However, the plaintiff did not retain the defendant or any other attorney for this purpose at that time. On May 14, 1997, more than two years after the decedent's passing, the plaintiff went to the defendant's

office, obtained the Will, and signed an affidavit stating that he was taking the Will "for the purposes of having it probated by the Surrogate of Kings County." Nevertheless, another four years passed before the plaintiff took any steps to probate the Will. In fact, the plaintiff did not obtain provisional letters testamentary until December 28, 2001.

In August 2002 the Supreme Court granted a motion by Lutheran made pursuant to CPLR 1021 to dismiss the underlying action for failure to timely substitute a legal representative following the death of the decedent. Shortly before the motion was granted, the plaintiff commenced this legal malpractice action against the defendant alleging that he failed to timely move to substitute a legal representative in the underlying action. The defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, denied the motion finding that there were triable issues of fact. We reverse the order insofar as appealed from.

To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship (*see Moran v Hurst*, 32 AD3d 909 [2006]; *Wei Cheng Chang v Pi*, 288 AD2d 378 [2001]; *Volpe v Canfield*, 237 AD2d 282 [1997]). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no attorney-client relationship existed between him and the plaintiff following the decedent's passing since "death of a client automatically terminates [such] relationship" (*Matter of Gutchess*, 117 AD2d 852, 853 [1986]; *see also Ramcharan v Pariser*, 20 AD3d 556 [2005]; *Hyman v Booth Mem. Hosp.*, 306 AD2d 438 [2003]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Indeed, the defendant was never authorized to act on behalf of the estate. Thus, the defendant had neither the obligation nor the authority to probate the Will, and without the Will being admitted to probate, the defendant could not have moved to have the plaintiff named as the substituted party in the underlying action (*see Matter of Einstoss*, 26 NY2d 181 [1970]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474 [2002]).

The plaintiff's unilateral allegations that he was led to believe that the defendant continued to represent the decedent's interests are insufficient to establish the existence of any continuing attorney-client relationship and thus inadequate to raise a triable issue of fact in opposition to the defendant's motion for summary judgment (*see Carlos v Lovett & Gould*, 29 AD3d 847 [2006]; *Chinello v Nixon, Hargrave, Devans & Doyle, LLP*, 15 AD3d 894 [2005]; *see also Moran v Hurst*, 32 AD3d 909

[2006]). Even assuming that the plaintiff was given the impression that the defendant continued to represent the decedent after his death, such a belief was unrealistic after May 1997, when the plaintiff retrieved the Will for the express purpose of having it probated (*see e.g. Leffler v Mills*, 285 AD2d 774 [2001]).

Accordingly, in the absence of any attorney-client relationship between the parties, the defendant's motion for summary judgment dismissing the complaint should have been granted (*see Moran v Hurst, supra; Chinello v Nixon, Hargrave, Devans & Doyle, supra; Volpe v Canfield, supra*). In view of this conclusion, the defendant's remaining contentions need not be reached. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.