■ DENISE TERIO, Appellant, v LANCE ROGER SPODEK, Appellant, and REICH REICH & REICH, P.C., Respondent. [880 NYS2d 679]—

In an action, inter alia, to recover damages for legal malpractice, (1) the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), entered March 17, 2008, which granted the motion of the defendant Reich Reich & Reich, P.C., for leave to reargue that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been determined in an order dated December 17, 2007, and, upon reargument, vacated its original determination in the order dated December 17, 2007, denying that branch of the motion of the defendant Reich Reich & Reich, P.C., which for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granted that branch of the motion; and (2) the defendant Lance Roger Spodek appeals from an order of the same court dated March 24, 2008, which, sua sponte, in effect, directed the dismissal of his cross claims for contribution and indemnification asserted against the defendant Reich Reich & Reich, P.C.

Ordered that on the Court's own motion, the notice of appeal of the defendant Lance Roger Spodek is deemed to be an application for leave to appeal from the order dated March 24, 2008, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered March 17, 2008 is modified, on the law, by deleting the provisions thereof, upon reargument, vacating the determination in the order dated December 17, 2007, denying that branch of the motion of the defendant Reich Reich & Reich, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it and thereupon granting that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated December 17, 2007; and it is further,

Ordered that the order dated March 24, 2008 is reversed, on the law; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Reich Reich & Reich, P.C. (hereinafter Reich), which was for leave to reargue. Reich's appeal from the Supreme Court's order dated December 17, 2007, was

pending and unperfected as of the time that the motion for reargument was made. Under these circumstances, the Supreme Court providently entertained that branch of Reich's motion which was for leave to reargue notwithstanding that it was made beyond the 30-day limit set forth in CPLR 2221 (d) (3) (*see Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d 636, 638 [2005]; *Leist v Goldstein*, 305 AD2d 468, 469 [2003]).

The court erred, however, upon reargument, in awarding summary judgment to Reich. To make a prima facie showing on a motion for summary judgment, the attorney in a legal malpractice action must present admissible evidence that the plaintiff cannot prove at least one of the essential elements of a legal malpractice claim (*see e.g. Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship (*see Velasquez v Katz*, 42 AD3d 566, 567 [2007]; *Moran v Hurst*, 32 AD3d 909 [2006]; *Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001]; *Volpe v Canfield*, 237 AD2d 282, 283 [1997]). While a plaintiff's unilateral belief does not confer upon him or her the status of client (*see Volpe v Canfield*, 237 AD2d at 283), an attorney-client relationship may exist in the absence of a formal retainer agreement (*see e.g. Swalg Dev. Corp. v Gaines*, 274 AD2d 385, 386 [2000]). To establish an attorney-client relationship there must be an explicit undertaking to perform a specific task (*see Wei Cheng Chang v Pi*, 288 AD2d 378 [2001]; *Volpe v Canfield*, 237 AD2d at 283).

Here, Reich failed to establish, as a matter of law, that an attorney-client relationship was not formed and did not exist during the time that the alleged acts of negligence occurred. Reich's submissions demonstrated that it consulted with the plaintiff, advised her of her chances of success, and negotiated a settlement with a bankruptcy trustee. Contrary to Reich's arguments, the fact that it was purportedly not the attorney of record at the time of a hearing before the United States Bankruptcy Court to determine whether the particular asset at issue qualified as an exemption, is not dispositive of the existence of an attorney-client relationship during the period of the alleged negligence.

In light of our determination on the appeal from the order entered March 17, 2008, the order dated March 24, 2008, which, sua sponte, directed the dismissal of the cross claims of the defendant Lance Roger Spodek for contribution and indemnification against Reich must be reversed, and the cross claims must be reinstated. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.