◼ QUADASIA NELSON et al., Respondents, v PAMELA S. ROTH, Defendant/Third-Party Plaintiff-Appellant. MAURICE SIERADZKI, Third-Party Defendant-Respondent. [893 NYS2d 605]—

The infant plaintiff, by her mother, and the mother, individually, commenced this action against the defendant, Pamela S. Roth, to recover damages for legal malpractice. Thereafter, Roth commenced a third-party action against the plaintiff's current attorney, the third-party defendant, Maurice Sieradzki, inter alia, to recover damages for legal malpractice. Sieradzki moved, pursuant to CPLR 3211 (a) (7), among other things, to dismiss Roth's cause of action to recover damages for legal malpractice on the ground that there was no attorney-client relationship between them. Roth, in turn, cross-moved for summary judgment dismissing the complaint on the ground that there was no attorney-client relationship between herself and the plaintiffs, and to disqualify Sieradzki as counsel for the plaintiffs.

The Supreme Court properly granted that branch of Sieradzki's motion which was to dismiss the third-party cause of action to recover damages for legal malpractice. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction" (*Kempf v Magida*, 37 AD3d 763, 764 [2007]). The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). To establish a cause of action alleging legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship (*see Terio v Spodek*, 63 AD3d 719, 721 [2009]; *Velasquez v Katz*, 42 AD3d 566, 567 [2007]). To prove an attorney-client relationship, there must be an explicit undertaking "to perform a specific task" (*Terio v Spodek*, 63 AD3d at 721). " 'It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence' " (*Moran v Hurst*, 32 AD3d 909, 911 [2006], quoting *Rovello v Klein*, 304 AD2d 638, 638 [2003]). Viewing the third-party complaint in the light most favorable to Roth, she failed to allege the existence of an attorney-client relationship between herself and Sieradzki.

Further, the Supreme Court properly denied that branch of Roth's cross motion which was for summary judgment dismissing the complaint. "To make a prima facie showing on a motion for summary judgment, the attorney in a legal malpractice action must present admissible evidence that the plaintiff cannot prove at least one of the essential elements of a legal malpractice claim" (*Terio v Spodek*, 63 AD3d at 721). The evidence submitted demonstrated the existence of a triable issue of fact as to whether there was an attorney-client relationship between Roth and the plaintiffs. In light of Roth's failure to meet her prima facie burden, it is unnecessary to consider the adequacy of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, the Supreme Court properly, in effect, denied that branch of Roth's cross motion which was to disqualify Sieradzki as counsel for the plaintiffs. Roth failed to satisfy her burden by offering any proof that Sieradzki's testimony would be "necessary" (*Bentvena v Edelman*, 47 AD3d 651, 652 [2008]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.