10-825-cv (L)
Raghavendra v. The Trustees of Columbia University, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
            <u>Chief Judge</u>,
        ROGER J. MINER,
        ROBERT A. KATZMANN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
**RAJAGOPALA SAMPATH RAGHAVENDRA,**
        <u>Plaintiff-Appellant</u>,

        -v.-                          10-825-CV (L);
                                      10-833-cv (CON);
                                      10-887-cv (CON

**THE TRUSTEES OF COLUMBIA UNIVERSITY,**
**et al.,**
        <u>Defendants-Appellees</u>,

**NATIONAL LABOR RELATIONS BOARD, et**
**al.,**
        <u>Defendants</u>.*
- - - - - - - - - - - - - - - - - - - -X

---

   * The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLANT:**     ROBERT G. LEINO, New York, New York.

**FOR APPELLEES:**     EDWARD A. BRILL (Susan D. Friedfel, <u>on the brief</u>), Proskauer Rose LLP, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.

Rajagopala Raghavendra appeals from an order of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>), denying his motion to set aside his settlement agreement with his former employer, Columbia University, and ruling that plaintiff's counsel was entitled to recover a contingency fee as specified in his retainer agreement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> the district court's legal conclusions with respect to the settlement agreement; we review its factual conclusions "under the clearly erroneous standard of review." <u>Omega Eng'g, Inc. v. Omega, S.A.</u>, 432 F.3d 437, 443 (2d Cir. 2005). A district court "may exercise supplemental jurisdiction to hear fee disputes between litigants and their attorneys when the dispute relates to the main action." <u>Alderman v. Pan Am World Airways</u>, 169 F.3d 99, 102 (2d Cir. 1999) (internal quotation marks omitted). This Court reviews a district court's decision to award fees under an abuse of discretion standard. <u>Id.</u>

The district court properly held that the settlement agreement was binding, enforceable, and disposed of all of plaintiff's claims against the defendants. <u>See</u> <u>Powell v. Omnicom</u>, 497 F.3d 124, 129 (2d Cir. 2007) (stating "settlement remains binding even if a party has a change of heart" after he agreed to the terms of the settlement). Plaintiff's claims of fraud and duress are not substantiated by the record.

The district court's exercise of supplemental jurisdiction over the fee dispute was proper.  <u>See</u> <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 336 (2d Cir. 2006) (observing that district courts have "power to exercise supplemental jurisdiction over a fee dispute" and that "the lower court's familiarity with the subject matter of the [underlying] suit len[ds] support to the exercise of jurisdiction" (internal quotation marks omitted)).  However, we vacate and remand in part, for the district court to make further factual findings that bear upon the award of fees including, <u>inter alia</u>, the timing of the commencement of counsel's representation and the pendency of other cases, litigated <u>pro se</u>, that are folded into the settlement.

Payment of the settlement amount will abide the determination of the fee dispute in light of the district court's findings.

Having considered all of Raghavendra's properly presented arguments, we hereby **AFFIRM IN PART** the order of the district court, because we find that the settlement agreement was binding and disposed of all of plaintiff's claims, and **VACATE** the award of attorneys fees and **REMAND** for further factual findings consistent with this order.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

3