■ UNITED STATES FIRE INSURANCE COMPANY, on Its Own Behalf and as Subrogee/Assignee of Andrea Spagnoletti, an Incapacitated Person, Appellant, v CAMILLE A. RAIA et al., Defendants, and JEROME M. KARP, Respondent. [942 NYS2d 543]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 12, 2010, which granted that branch of the motion of the defendant Jerome M. Karp which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

United States Fire Insurance Company (hereinafter U.S. Fire) commenced this action on its own behalf and as subrogee/assignee of Andrea S., an incapacitated person (hereinafter the IP). In its complaint, U.S. Fire alleged that the defendant Camille A. Raia was appointed guardian of the IP's property and obtained a guardianship bond through U.S. Fire, as surety. The complaint further alleged that Raia was removed as the guardian of the IP's property as a result of a criminal investigation ultimately resulting, upon stipulation, in a surcharge to the guardianship bond, and an assignment of all rights and causes of action to U.S. Fire in exchange for a payment thereon.

Thereafter, U.S. Fire commenced this action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty from the defendant Jerome M. Karp, who had been appointed as a court examiner pursuant to Mental Hygiene Law article 81. In essence, the complaint alleged that Karp failed to discover Raia's defalcation in a timely manner. Karp moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him, and U.S. Fire opposed the motion. The Supreme Court granted that branch of Karp's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. U.S. Fire appeals. We affirm.

"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), 'the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail' " (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 796 [2011], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted that branch of Karp's motion which was to dismiss the cause of action to recover damages for legal malpractice insofar as asserted against him. "To establish a cause of action alleging legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship" (*Nelson v Roth*, 69 AD3d 912, 913 [2010]; *see Terio v*

*Spodek,* 63 AD3d 719, 721 [2009]; *Velasquez v Katz,* 42 AD3d 566, 567 [2007]). "[A]bsent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Rovello v Klein,* 304 AD2d 638, 638 [2003]; *see Ginsburg Dev. Cos., LLC v Carbone,* 85 AD3d 1110, 1111-1112 [2011]; *Aranki v Goldman & Assoc., LLP,* 34 AD3d 510, 511-512 [2006]). Here, the complaint fails to allege the existence of an attorney-client relationship between Karp, on the one hand, and the IP or U.S. Fire, on the other hand (*see Nelson v Roth,* 69 AD3d at 913; *Rovello v Klein,* 304 AD2d at 638-639).

The Supreme Court properly granted that branch of Karp's motion which was to dismiss the cause of action to recover damages for breach of fiduciary duty insofar as asserted against him. To state a cause of action to recover damages for breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.,* 74 AD3d 776, 777 [2010]; *see Kurtzman v Bergstol,* 40 AD3d 588, 590 [2007]). A breach of fiduciary duty cause of action must be pleaded with the particularity required by CPLR 3016 (b) (*see Palmetto Partners, L.P. v AJW Qualified Partners, LLC,* 83 AD3d 804, 808 [2011]; *Chiu v Man Choi Chiu,* 71 AD3d 621, 623 [2010]). Here, although the complaint alleged that Karp owed statutory and fiduciary duties to the IP and U.S. Fire, "[o]n a motion to dismiss a complaint pursuant [to] CPLR 3211 (a) (7), 'bare legal conclusions are not presumed to be true' " (*Kopelowitz & Co., Inc. v Mann,* 83 AD3d at 798, quoting *Kupersmith v Winged Foot Golf Club, Inc.,* 38 AD3d 847, 848 [2007]). The complaint did not allege facts that would give rise to a fiduciary relationship between Karp, on the one hand, and the IP or U.S. Fire, on the other hand (*see Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp.,* 89 AD3d 913 [2011]; *Baer v Complete Off. Supply Warehouse Corp.,* 89 AD3d 877 [2011]; *Kopelowitz & Co., Inc. v Mann,* 83 AD3d at 797-798).

U.S. Fire's remaining contentions are without merit. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.