■ MARY BETH LOMBARDI, Appellant, v VITTORIO LOMBARDI et al., Respondents. [7 NYS3d 447]—

In an action, inter alia, to set aside an agreement on the grounds of duress, coercion, undue influence, and unconscionability, and to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 1, 2013, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the first, sixth, and seventh causes of action, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In connection with their marriage, the plaintiff (hereinafter the wife) and the defendant Vittorio Lombardi (hereinafter the husband), entered into an agreement (hereinafter the agreement), setting forth their rights and obligations in the event of a divorce. The parties first executed the agreement in 2003, but, at that time, their signatures were not acknowledged. In 2004, the parties executed a second agreement, identical or nearly identical to the first and, this time, their signatures were acknowledged.

After the wife commenced an action for a divorce, she commenced the instant action, seeking, inter alia, to set aside the agreement on the grounds of duress, coercion, undue influence, and unconscionability, and to recover damages for legal malpractice against the defendant Dorothy Courten, who drafted the agreement on the husband's behalf. The wife moved, inter alia, to consolidate this action with the divorce action, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the defendants' cross motion.

Contrary to the wife's contention, the Supreme Court was not required to give notice pursuant to CPLR 3211 (c) that the defendants' cross motion would be converted into one for summary judgment. The defendants' notice of cross motion, served after issue was joined, expressly indicated that the motion sought to dismiss the complaint or, alternatively, summary judgment dismissing the complaint. Further, the wife's opposition papers acknowledged that the defendants were seeking summary judgment. Accordingly, the Supreme Court did not convert the motion to one for summary judgment, and was not required to give notice.

Additionally, although the defendants failed to submit a copy of the complaint in support of their cross motion for summary judgment, as required by CPLR 3212 (b), CPLR 2001 permits a court, at any stage of an action, to "disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 691 [2014]). Since the complaint was submitted by the wife in support of her motion, we find that the record is sufficiently complete, and there is no proof that a substantial right of the wife was impaired by the defendants' failure to submit a full copy of the pleadings (*see id.* at 691; *Daramboukas v Samlidis*, 84 AD3d 719, 721 [2011]).

As to the merits of the cross motion, contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden with respect to the first cause of action, which alleged fraudulent inducement against the husband. In response to the wife's assertions that she was induced to enter into the agreement by certain misrepresentations made by the husband, the husband only relied upon a general merger clause in the agreement, which was ineffective to exclude parol evidence of fraud in the inducement (*see Pellerito v Russo*, 176 AD2d 713 [1991]; *cf. Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012]), and argued that, in any event, the wife was represented by counsel when she entered into the agreement. Even if the wife were represented by counsel when she entered into the agreement, this alone would not defeat the wife's fraudulent inducement cause of action as a matter of law (*see Cioffi-Petrakis v Petrakis*, 103 AD3d 766 [2013]). Moreover, the husband's submissions revealed the existence of triable issues of fact as to whether the wife was represented by counsel when she entered into the agreement. Therefore, that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action should have been denied.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action, which alleged fraudulent inducement against Courten. The alleged misrepresentations that Courten made to the wife were merely "representation[s] of opinion or a prediction of something which is hoped or expected to occur in the future," which cannot not sustain a fraud claim (*Coccia v Liotti*, 70 AD3d 747, 756 [2010]).

The Supreme Court also properly awarded summary judgment to the defendants dismissing the fifth cause of action, which alleged that the agreement was not properly executed.

Although the Supreme Court, in the matrimonial action, declined to determine whether the agreement should be set aside on the basis of fraud or on equitable bases, it did determine that the 2004 version of the agreement complied with the execution and acknowledgment provisions of Domestic Relations Law § 236 (B) (3). Since the wife had a full and fair opportunity to litigate that issue in the matrimonial action, she is precluded by the doctrine of collateral estoppel from challenging the agreement in the instant action on the basis of failure to comply with Domestic Relations Law § 236 (B) (3) (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]).

The defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the sixth and seventh causes of action, which were to set aside or rescind the agreement on the basis of duress, coercion, undue influence, and unconscionability. "An agreement between spouses or prospective spouses should be closely scrutinized, and may be set aside upon a showing that it is unconscionable, or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse" (*Bibeau v Sudick*, 122 AD3d 652, 654-655 [2014]; *see Matter of Fizzinoglia*, 118 AD3d 994, 995 [2014], *lv granted* 24 NY3d 908 [2014]).

The evidence submitted by the defendants and the pleadings demonstrated that there was a great financial disparity between the husband and the wife, who allegedly did not work and had no assets. The wife averred that the husband pressured her into signing the agreement, threatening that, if she did not sign, she, their son, and her child from a previous marriage would have to leave their home, and that the husband would not marry her. The wife further alleged that the husband made threats of violence against her.

In addition, the agreement provided that only property titled in the parties' joint names would be "marital property," and that such property would be distributed "in accordance with [the parties'] respective financial contributions to the acquisition or maintenance of such joint property." As to the marital residence, the agreement provided that the wife would become entitled to one-seventh of 50% of the equity in the home in each of the first seven years of the parties' marriage, and, thus, would become a 50% owner if the parties remained married for seven years. The husband and the wife waived the right to any maintenance, the right to any counsel fees, and all rights to the other's estate, including the right of election. Additionally,

as noted above, there are triable issues of fact as to whether the wife was represented by counsel with respect to the agreement.

Since the defendants' submissions revealed the existence of triable issues of fact as to whether the agreement should be set aside (*see Bibeau v Sudick*, 122 AD3d 652 [2014]; *Petracca v Petracca*, 101 AD3d 695 [2012]), the Supreme Court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the sixth and seventh causes of action, regardless of the sufficiency of the wife's opposition papers.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the tenth cause of action, which alleged legal malpractice against Courten. In order to recover damages for legal malpractice, an attorney-client relationship must exist between the plaintiff and the defendant attorney (*Biberaj v Acocella*, 120 AD3d 1285 [2014]; *Moran v Hurst*, 32 AD3d 909 [2006]). "To prove an attorney-client relationship, there must be an explicit undertaking 'to perform a specific task' " (*Nelson v Roth*, 69 AD3d 912, 913 [2010], quoting *Terio v Spodek*, 63 AD3d 719, 721 [2009]). "The unilateral belief of a plaintiff alone does not confer upon him or her the status of a client" (*Moran v Hurst*, 32 AD3d at 911). Here, the defendants demonstrated, prima facie, that there was no attorney-client relationship between Courten and the wife. In opposition, the wife failed to raise a triable issue of fact.

The wife's remaining contentions are without merit.

In light of the foregoing, the Supreme Court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the first, sixth, and seventh causes of action. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.

---

Motion by the respondents on an appeal from an order of the Supreme Court, Suffolk County, dated July 1, 2013, inter alia, for the Court to take judicial notice of the parties' marriage license. Cross motion by the appellant to strike the respondents' brief on the ground that it refers to matter dehors the record and to impose a sanction upon the respondents and for an award consisting of an attorney's fee and costs. By decision and order on motion of this Court dated November 13, 2013, that branch of the motion which is for the Court to take judicial notice of the parties' marriage license and the cross motion

were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is for the Court to take judicial notice of the parties' marriage license is granted; and it is further,

Ordered that the cross motion is denied. 