■ RAJAGOPALA S. RAGHAVENDRA, Also Known as RANDY S. RAGHAVENDRA, Founder, Racial Equality Struggles for Columbia University Employees (RESCUE) Ad Hoc Committee, Appellant, v EDWARD A. BRILL, Individually and as Attorney/Partner at Proskauer Rose, LLP, et al., Respondents, et al., Defendants. [9 NYS3d 26]—

Orders, Supreme Court, New York County (Lucy Billings, J.), entered on or about February 4, 2014, which, insofar as appealed from as limited by the briefs, granted defendants Lee C. Bollinger and the Trustees of Columbia University (Columbia), Proskauer Rose, LLP, and Edward A. Brill (Proskauer), and the Stober defendants' (Stober) motions to dismiss the complaint as against them, and denied plaintiff's motion for preliminary injunctive relief, unanimously affirmed, with costs.

Plaintiff's claims against Stober relating to alleged wrongdoing in connection with the negotiation and execution of the July 2009 global settlement agreement of three related federal actions sound in legal malpractice, and are barred by the doctrine of res judicata. The District Court expressly held, in a final order entered upon plaintiff's challenge to a fee award to Stober, that "the retainer agreement was valid and enforceable" and that Stober was entitled to a fee equal to "one-third of the settlement amount, less $10,000.00 for the up-front" retainer fee paid by plaintiff (*Raghavendra v Trustees of Columbia Univ.*, 2012 WL 3778823, *5, *7, 2012 US Dist LEXIS 124598, *16, *21 [SD NY, Aug. 31, 2012, Nos. 06-Civ-6841 (PAC) (HBP), 08-Civ-8120 (PAC) (HBP), 09-Civ-0019 (PAC) (HBP)]). Thus, the District Court necessarily concluded that there was no legal malpractice, and plaintiff is barred from relitigating the malpractice claims (*Summit Solomon & Feldesman v Matalon*, 216 AD2d 91 [1st Dept 1995], *lv denied* 86 NY2d 711 [1995]).

Plaintiff's claims against Stober relating to other alleged wrongdoing in connection with the settlement agreement sound, inter alia, in negligence, unjust enrichment, breach of fiduciary duty, and breach of attorney services contract, and are duplicative of the legal malpractice claim (*see Garnett v*

*Fox, Horan & Camerini, LLP*, 82 AD3d 435 [1st Dept 2011]; *InKine Pharm. Co. v Coleman*, 305 AD2d 151 [1st Dept 2003]). To the extent not duplicative of the malpractice claim, the intentional tort claims are time-barred under the applicable one-year limitations period, since those claims accrued no later than July 30, 2009, and plaintiff did not commence this action until November 2011 (*see* CPLR 215 [3]; *Havell v Islam*, 292 AD2d 210 [1st Dept 2002]).

Plaintiff's claims against Stober for breach of the settlement agreement and tortious interference therewith were correctly dismissed because Stober is not a party to the settlement agreement, and plaintiff cannot establish that Columbia (the counterparty to the settlement agreement) breached the agreement, a necessary element of the tortious interference claim. The District Court ruled that Columbia is not yet under an obligation to pay the settlement amount, because, among other things, plaintiff has refused to render his own performance by executing a general release, as ordered by the District Court. The Second Circuit affirmed the District Court's finding that the settlement agreement was valid and enforceable (*see Raghavendra v Trustees of Columbia Univ.*, 434 Fed Appx 31 [2d Cir 2011]). Accordingly, the causes of action against Stober for breach of and tortious interference with the settlement agreement are barred by the doctrine of res judicata (*Englert v Schaffer*, 61 AD3d 1362 [4th Dept 2009]).

Because he cannot establish that there has been any breach, plaintiff's claims against Columbia for breach of or tortious interference with the settlement agreement were correctly dismissed. The doctrines of res judicata and collateral estoppel preclude plaintiff from asserting his claims of fraud and abuse of process and aiding and abetting fraud and abuse of process. The Second Circuit's express holding that the settlement agreement is valid and enforceable disposes of plaintiff's claims that it was reached through oppressive means or is otherwise unenforceable.

Plaintiff's claims against Proskauer overlap with or are derivative of his claims against Columbia, and were correctly dismissed for the same reasons. Plaintiff did not have an attorney-client relationship with Proskauer (*see United States Fire Ins. Co. v Raia*, 94 AD3d 749 [2d Dept 2012]). Nor can he establish any "fraud, collusion, malicious acts, or other special circumstances" necessary to impose liability upon an attorney for harm suffered by parties not in privity with the attorney (*see Raia*, 94 AD3d at 751).

Plaintiff's application for preliminary injunctive relief is rendered academic by the dismissal of the complaint.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.