Siemsen v Mevorach (2018 NY Slip Op 02821)





Siemsen v Mevorach


2018 NY Slip Op 02821


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-12026
 (Index No. 4300/16)

[*1]Celeste Siemsen, etc., appellant,
v Lisa Mevorach, etc., respondent.


Paul S. Sibener, Commack, NY, for appellant.
Furman Kornfeld & Brennan LLP, New York, NY (Stefanie A. Singer and Andrew S. Kowlowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated August 29, 2016, which granted the defendant's motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2012, the Supreme Court issued a commission to guardian, appointing the defendant as the guardian of the person and property of Virginia Lenzovich pursuant to Mental Hygiene Law article 81. The commission to guardian authorized the defendant, among other things, to "[e]xercise any right to an elective share in the estate of the Incapacitated Person's deceased spouse." Virginia's husband, John Lenzovich, died in March 2014, and Virginia died in July 2014. The defendant then moved for judicial settlement of the final account of the defendant as guardian. By order dated January 30, 2015, the Supreme Court discharged the defendant "from any and all liability in connection with all matters embraced in the said final account." John's will, in which he disinherited Virginia, was not filed for probate until March 2015.
Subsequently, the plaintiff, as administrator of Virginia's estate, commenced this action to recover damages for legal malpractice and breach of fiduciary duty based on the defendant's failure to exercise, on Virginia's behalf, the right of election against John's estate. The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint based on documentary evidence, collateral estoppel, and failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court "must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 880-881).
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for legal malpractice. In a legal malpractice action, a plaintiff must establish, inter alia, that an attorney-client relationship existed (see United States Fire Ins. Co. v Raia, 94 AD3d 749, 750-751; Nelson v Kalathara, 48 [*2]AD3d 528, 529). Here, the plaintiff failed to allege facts that would support a finding that the defendant, as guardian of the person and property of Virginia under Mental Hygiene Law article 81, had an attorney-client relationship with Virginia (see United States Fire Ins. Co. v Raia, 94 AD3d at 750-751; Nelson v Kalathara, 48 AD3d at 529).
"A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Fontanetta v John Doe 1, 73 AD3d 78, 83 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 88; Bailey v Peerstate Equity Fund, L.P., 126 AD3d 738, 740). "To state a cause of action to recover damages for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (United States Fire Ins. Co. v Raia, 94 AD3d at 751, quoting Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). Here, the defendant submitted documentary evidence that resolved in her favor all factual issues as to whether, by failing to exercise the right of election, the defendant committed misconduct that directly resulted in damages (see generally Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659; Rut v Young Adult Inst., Inc., 74 AD3d at 777; Greenberg v Joffee, 34 AD3d 426, 427).
Moreover, we agree with the Supreme Court that the cause of action alleging breach of fiduciary duty was barred by the doctrine of collateral estoppel (see CPLR 3211[a][5]). The defendant established that the decisive issues in this action regarding her failure to exercise the right of election were necessarily decided in the prior guardianship proceeding, and the plaintiff failed to demonstrate that she did not have a full and fair opportunity to contest the prior determination (see Schwarz v Schwarz, 150 AD3d 915, 917; Clifford v County of Rockland, 140 AD3d 1108, 1110-1111).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court