■ HARRY KRAMER et al., Respondents, v EDUARDO SALVATI et al., Defendants. FUCHSBERG & FUCHSBERG, Appellant. — In a medical practice action, the plaintiffs' attorneys, Fuchsberg and Fuchsberg, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lakritz, J.), dated October 1, 1981, as, upon reargument, adhered to the original determination denying the motion of Fuchsberg and Fuchsberg to be relieved as plaintiffs' attorneys. Order affirmed, insofar as appealed from, without costs or disbursements. An affirmation submitted in support of appellants' motion to be relieved as plaintiffs' attorneys states that "[t]his medical malpractice case involves the failure to reinstate hypertension drugs after plaintiff Harry Kramer was discharged from defendant hospital." The complaint, however, is not included in the record on appeal. Plaintiff Harry Kramer had a severe stroke on January 13, 1977. Plaintiff Margaret Kramer asserts that "at 11 P.M. one night (after my brother-in-law contacted them)" the appellants called her and advised her that they thought plaintiffs had "a most promising malpractice suit and were very anxious for us to retain them." Plaintiffs did, in fact, then retain them, and suit was instituted in June, 1977. Margaret Kramer averred — without contradiction — that during the ensuing four years appellants advised her that her case had "excellent merit". Appellants had placed the matter on the calendar and a date was set for a malpractice panel hearing when plaintiff Harry Kramer died on January 8, 1981. By notice of motion dated May 29, 1981, appellants moved to be relieved as plaintiffs' attorneys. The basis for the request was "various differences" that had arisen with Margaret Kramer. The moving papers contained no specification whatsoever of this conclusory assertion. Special Term denied the motion and appellants moved for renewal and reargument. The essential basis for that motion was a letter dated November 25, 1980 from a medical expert (Dr. Edward Wolff), which appellants construe as demonstrating that plaintiffs' case has no merit. The renewal and reargument motion was opposed by Margaret Kramer in a letter not printed in the "record on appeal". In her opposition letter to the original motion and in her unprinted letter, she asserted, *inter alia,* that she believed that there are two letters "on record" *contrary* to what Dr. Wolff believes, and that from the beginning of 1977 until late February, 1981, she had been advised by appellants that plaintiffs' case was "an excellent one". She asserted that appellants were attempting to intimidate her into paying $1,798.09 in expenses that they had advanced. Special Term granted reargument, but, on reargument, adhered to the original determination. Based on its examination of Dr. Wolff's letter, the court found some indication of merit to the malpractice action. On this appeal, appellants argue that Special Term misconstrued Dr. Wolff's letter; that the case has no medical merit; that appellants cannot and should not be required to continue to press the case, to seek further experts and to expend more moneys; and that plaintiff Harry Kramer's death terminates their retention. We note, however, that the complaint is not printed in the record, nor is the contingent retainer agreement made in 1977. Similarly, Margaret Kramer's opposition affidavit on the renewal and reargument motion is not printed. Her opposition papers contain evidence that the case may well have medical merit; that appellants agreed to advance the expenses for experts; that she, individually and as executrix, expected and expects appellants to continue; that they may have bound themselves to continue; that appellants' motion to be relieved was properly denied initially; and that the renewal and reargument motion furnished no basis for changing the original decision of Special Term. We find no abuse of

discretion in denying appellants' motion to be relieved as attorneys for plaintiffs. Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.