■ J. M. HEINIKE ASSOCIATES, INC., Appellant, v LIBERTY NATIONAL BANK et al., Defendants. (Action No. 1.) SUNNY F. ANDES, Plaintiff, v JAMES HEINIKE, Appellant, and EDWARD C. COSGROVE, Respondent. (Action No. 2.)—Order unanimously reversed on the law without costs and motion denied, in accordance with the following memorandum: James M. Heinike retained an attorney to represent him and J. M. Heinike Associates, Inc. in these actions. The retainer agreement provided that Heinike would immediately pay the attorney $10,000 for "any and all services necessary in the Supreme Court of the State of New York at the Trial Level." The agreement also provided that the attorney had the right to withdraw from representation at any time and retain the $10,000 fee "as a special retainer, because of my special skills

and reputation, the unique difficulties of these matters and the time already expended." At Heinike's insistence, it was further agreed that if the attorney were to withdraw, he would be required to give Heinike "an explicitly detailed basis for any such withdrawal." The retainer agreement was finalized on August 4, 1982 and the attorney thereafter appeared of record in these cases.

On March 6, 1987, the attorney moved for permission to withdraw (see, CPLR 321 [b] [2]). In a terse affidavit in support of the motion, the attorney averred merely that he had "notified James M. Heinike of his intent to withdraw as attorney of record" pursuant to the retainer agreement. In opposition to the motion, Heinike averred that the lawsuits had been proceeding for four years, that the attorney had conducted extensive discovery and examinations before trial, and that the attorney's withdrawal would prejudice Heinike in the pending litigation. Supreme Court granted the motion, Heinike appeals, and we reverse.

There has long been recognition of the authority of the courts to regulate the practice of law (Matter of First Natl. Bank v Brower, 42 NY2d 471). As a matter of public policy, "courts pay particular attention to fee arrangements between attorneys and their clients (Smitas v Rickett, 102 AD2d 928, 929)" (Jacobson v Sassower, 66 NY2d 991, 993). Even assuming the validity of a nonrefundable retainer agreement, an issue yet to be addressed by the Court of Appeals (see, Jacobson v Sassower, supra), an attorney may not withdraw from representation in the absence of good and sufficient cause (Johns-Manville Sales Corp. v State Univ. Constr. Fund, 79 AD2d 782, 783; see also, Matter of Dunn [Brackett], 205 NY 398, 403; Code of Professional Responsibility DR 2-110 [C]).

Here, the language of the retainer agreement requiring "an explicitly detailed basis" for the attorney's withdrawal, must be construed as requiring "good and sufficient cause" for withdrawal. It would be unconscionable to interpret the agreement as one empowering the attorney to withdraw for no logical or compelling reason and yet retain the $10,000 fee.

This attorney-client relationship extended over several years during which, according to Heinike, the attorney provided substantial services to him and the corporation. The reasonable value of those services may well meet or exceed the amount of the retainer. Nevertheless, the motion must be denied because of the attorney's failure to show good and sufficient cause warranting withdrawal under the Code of

Professional Responsibility (see, Code of Professional Responsibility DR 2-110; Catrone v Catrone, 92 AD2d 559). Since good and sufficient cause for withdrawal may exist, the interests of justice require that the attorney be granted leave to re-present the motion on a proper showing. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—withdrawal of counsel.) Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.