■ SHEILA RANN et al., as Executors of the Estate of GERTRUDE CHAPLAN, Deceased, Respondents, v DAVID LERNER et al., Defendants, and SCHNEIDER, KLEINICK & WEITZ, P. C., Intervenor-Appellant.—In an action to recover damages for medical malpractice, the intervenor appeals from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated October 21, 1988, as denied its application for leave to withdraw from the representation of the plaintiffs.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Sheila Rann.

In support of its application to be relieved as counsel for the

plaintiffs in the instant action, the intervenor has advanced various theories, none of which has any merit.

Contrary to its assertions, we find that the intervenor did assume the representation of the plaintiffs, notwithstanding the absence of an executed formal retainer agreement *(see,* 6 NY Jur 2d, Attorneys at Law, § 50, at 508-509). This conclusion is further supported by our finding that the appellant appeared before the court on the plaintiffs' behalf at a pretrial conference *(see, Cooke v Laidlaw Adams & Peck,* 126 AD2d 453, 455).

Upon a review of the record, we conclude that the appellant has failed to adequately demonstrate a sufficient basis for a permissive withdrawal from its representation of the plaintiffs in the instant action *(see,* Code of Professional Responsibility DR 2-110). Contrary to the contentions of the appellant, no proper showing has been made with respect to the alleged lack of merit of the underlying negligence action, nor do we find that the plaintiffs' conduct "render[ed] it unreasonably difficult for the [firm] to carry out [its] employment effectively" (Code of Professional Responsibility DR 2-110 [C] [1] [a], [d]). Hence we conclude that the trial court did not improvidently exercise its discretion in denying the appellant's motion to be relieved as counsel for the plaintiffs *(see, Kramer v Salvati,* 88 AD2d 583). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.