■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered August 4, 1988, by which defendant was convicted, after a jury trial, of robbery in the first degree, robbery in the second degree, and two counts of criminal possession of a weapon in the fourth degree, and sentenced as a predicate felon to concurrent terms of 5½ to 11 years, 5 to 10 years, and 1 year (two terms), respectively, unanimously affirmed.

The victim was accosted by the defendant and an accomplice as he passed through the lobby of an apartment building on Sedgwick Avenue, in Bronx County, at about 3:15 A.M. When the victim refused the defendant's demand for his property, he was attacked with a brass topped stick. A struggle ensued. When the victim attempted to flee back into the building, he was struck from behind. The victim testified that he felt someone go through his pockets and take his money. A short time later the victim flagged down a police car, told the officers what had happened, and stated that he had seen the assailants in the area before. The victim drove through the area with the officers and identified the defendant as he walked along Sedgwick Avenue.

This Court's review of the sufficiency of the evidence is guided by the familiar principle that the evidence must be viewed in the light most favorable to the People, with deference given to the jury's findings with respect to the credibility of witnesses *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). While it is true that there was no physical evidence linking the defendant to the crime, it cannot be said that the

victim's testimony and identification of the defendant, which was credited by the jury, was incredible as a matter of law. The victim had a clear view of the defendant and his accomplice during the struggle, prior to being struck from behind. Moreover, the victim stated that he had seen the assailants in the area previously that same night. He identified defendant, shortly after the robbery, near the scene and at a time of the morning when there were few other people on the street. While the victim did not see who actually hit him or who actually took the money out of his pockets, the jury's inference that it was the defendant was justified.

The defendant's claim that the trial court made comments throughout the trial that diminished the People's burden of proof, was not preserved for appellate review *(People v Thomas,* 50 NY2d 467, 471-472). Defendant's contention that the prosecutor attempted to shift the burden of proof through various comments made on summation was similarly unpreserved. Were we to address the issues we would find them to be without merit. While the defense counsel at trial objected to certain portions of the prosecutor's summation she did not object to the comments challenged on appeal. (CPL 470.05; *People v Balls,* 69 NY2d 641, 642.) Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.