■ In the Matter of JAMIEKO A., a Person Alleged to be a Juvenile Delinquent, Appellant. [597 NYS2d 72] —Final order of disposition, Family Court, New York County (Judith B. Sheindlin, J.), entered June 10, 1992, which adjudicated respondent a juvenile delinquent and ordered him placed with

the New York State Division for Youth, Title III for eighteen months, following a fact-finding determination on May 8, 1992, which found that respondent had committed acts which, if committed by an adult, would constitute the crime of robbery in the second degree, unanimously affirmed, without costs.

Contrary to respondent's contentions, the court properly denied the request by his third counsel to withdraw, as such right is not absolute (see, CPLR 321 [b] [2]; *Weiner Corp. v Davis Corp.,* 113 Misc 2d 263), and no sound reason was provided why counsel should be allowed to withdraw. The court also properly removed respondent's mother from the courtroom based on her unseemly, abusive and disrespectful behavior (see, *Matter of B. Children,* 168 AD2d 312).

Further, based on the evidence evaluated in the light most favorable to the presentment agency (*People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the credible evidence, including eyewitness testimony, established beyond a reasonable doubt that respondent, in concert with another, forcibly took property from the complainant, resulting in physical injury (see, *People v Rivera,* 176 AD2d 449, 449-450). Finally, the court's dispositional order placing respondent in a restricted facility was the least restrictive alternative consistent with the needs and best interests of respondent and the need for protection of the community (Family Ct Act § 352.2 [2]), since the evidence established that he committed this crime while on probation and thus was in need of supervision and treatment. Concur—Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.