■ HAYTHE & CURLEY, Respondent, v MICHELE B. HARKINS, Individually and as Guardian for Her Children, et al., Appellants. [625 NYS2d 154] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered October 17, 1994, which, in an action to recover legal fees, granted defendants' motion to dismiss the complaint only in part, unanimously modified, on the law, to dismiss the fifth cause of action for fraud and misrepresentation, and otherwise affirmed, without costs.

Defendants note that any retainer agreement, any discus-

sion concerning the Surrogate's Court matter in which plaintiff represented the individual and corporate defendants named herein, and any billing involved only defendant Michele Beiny Harkins, in her individual capacity, and argue that contract claims for the legal fees therefore cannot be maintained as against the remaining defendants. However, plaintiff received written authorizations from defendants, Michele Beiny Harkins having signed certain of the authorizations in her capacity as a director or principal of the business entities, submitted answers on behalf of all defendants without objection, and maintained the Surrogate's Court matter in the name of all the defendants without objection, all of which created a presumption of an attorney-client relationship *(see, Cooke v Laidlaw Adams & Peck,* 126 AD2d 453, 455), and, at the least, an implied promise to pay for services performed *(Paulsen v Halpin,* 74 AD2d 990, 991), notwithstanding the absence of a formal retainer agreement including all of the parties *(see, Rann v Lerner,* 160 AD2d 922, 923). The cause of action for quantum meruit was also properly sustained. That plaintiff might be ultimately precluded from recovering against each defendant under theories of both breach of contract and quantum meruit *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389), does not preclude her from pleading both in the alternative. However, the fifth cause of action for fraud and misrepresentation should have been dismissed, the allegations contained therein being essentially the same as those relating to the breach of contract cause of action *(see, Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 700), and thus not independently actionable *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra; Eastman Kodak Co. v Roopak Enters.,* 202 AD2d 220). Nor are allegations claiming only unfulfilled promissory expectations as to future performance actionable *(Chimento Co. v Banco Popular,* 208 AD2d 385). We have considered defendants' remaining contentions and find them to be without merit. Concur—Wallach, J. P., Asch, Nardelli, Tom and Mazzarelli, JJ.