OPINION OF THE COURT
Joseph D. McGuire, J.
Pursuant to order to show cause, dated July 18, 2006, counsel *633 for plaintiff Dennis Countryman has applied to the court for permission to withdraw as counsel (CPLR 321 [b]).
The court has considered the order to show cause, dated July 18, 2006, the affirmation of Joseph R Stanley, Esq., dated July 16, 2006, and exhibits A through C attached.
“An attorney may withdraw as counsel of record only upon a showing of good and sufficient cause and upon reasonable notice to the client (see, Matter of Dunn, 205 NY 398, 403; see also, CPLR 321 [b] [2])” (Matter of Williams v Lewis, 258 AD2d 974, 974 [4th Dept 1999]).
Counsel alleges that he has been representing plaintiff since at least September 1, 2004, as substitute counsel in a lawsuit commenced in 1997. He further alleges plaintiff filed bankruptcy, and counsel was given special permission to continue the lawsuit. The lawsuit apparently is of questionable liability and asserts limited damages. Counsel has been unable to settle the matter and believes favorable trial outcome is unlikely. The bankruptcy trustee consented to counsel’s request to withdraw. No opposition has been submitted by plaintiff, and no appearance has been made by anyone on defendant’s behalf on the motion.
Generally, there are three primary reasons allowing withdrawal of an attorney from a case: failure of a party to remain in contact with counsel; deterioration of the attorney-client relationship; nonpayment of legal fees (see Tartaglione v Tiffany, 280 AD2d 543 [2001]; Lake v M.P.C. Trucking, 279 AD2d 813 [2001]; Galvano v Galvano, 193 AD2d 779 [1993]). The submission does not set forth any of the foregoing reasons. The intent of the rules requiring permission to withdraw is grounded on some client conduct that substantially interferes with the attorney-client relationship (see Kiernan v Kiernan, 233 AD2d 867 [4th Dept 1996]). No such showing has been made here.
The court holds that the fact that a lawsuit is of questionable liability, limited damages, and a likely unfavorable trial result is not the type of impairment of the attorney-client relationship that permits withdrawal of counsel. Once the representation is undertaken by the attorney, the fact that the case does not settle is not a valid ground to permit withdrawal. There are even cases where such permission has been denied even when the client has consented to discontinuance of the action (see Matter of Seventh Jud. Dist. Asbestos Litig., 1 Misc 3d 279 [2003]), although that issue is not addressed here.
The relief sought here can be otherwise accomplished if plaintiff wishes to execute a stipulation of discontinuance or a *634 substitution of counsel, but this court cannot, on the papers presented, find sufficient cause for withdrawal. There has not been an adequate showing that there was conduct by plaintiff that “render[ed] it unreasonably difficult for [counsel] to carry out [his] employment effectively” (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]).
Under the circumstances, counsel’s application to be relieved is denied.