Sophie Willis, Respondent, v Edward R. Holder, Defendant. Stanley Law Offices, Appellant. [842 NYS2d 841]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered June 19, 2006 in a personal injury action. The order denied the motion of appellant to withdraw as plaintiff's counsel.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in denying the motion of Stanley Law Offices (Stanley), the appellant herein, to withdraw as plaintiff's counsel in this personal injury action, but our reasoning differs from that of the court. The courts have "an inherent and statutory power to regulate the practice of law" (*Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]), and that power includes the authority to deny a motion to withdraw "because of the . . . failure to show good and sufficient cause warranting withdrawal under the Code of Professional Responsibility" (*J. M. Heinike Assoc. v Liberty Natl. Bank*, 142 AD2d 929, 930-931 [1988]; *see* Code of Professional Responsibility DR 2-110 [c] [22 NYCRR 1200.15 (c)]). Contrary to the contention of Stanley, the provision in the retainer agreement allowing it to withdraw, inter alia, for any reason does not override the requirement in the Code of Professional Responsibility that it show the requisite "good and sufficient cause" for withdrawal, and Stanley failed to make that showing here. Stanley's conclusory assertion that the underlying action lacks merit is insufficient to establish good and sufficient cause for withdrawal under DR 2-110 (c) (1) (i); (*see Rann v Lerner*, 160 AD2d 922 [1990]; *see generally Kramer v Salvati*, 88 AD2d 583 [1982]). Stanley further contends for the first time on appeal that plaintiff's objection to its withdrawal amounted to conduct that "render[ed] it unreasonably difficult for [it] to carry out employment effectively" (DR 2-110 [c] [1] [iv]), and that contention therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). In any event, that contention is without merit. Finally, the contention of Stanley that the court conditioned its withdrawal on Stanley's preparation of a motion

for a default judgment in the personal injury action is belied by the express language of the order on appeal, and nothing in the record indicates otherwise. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.