The evidence, including plaintiff’s testimony, defendant’s internal correspondence and bookkeeping records, when viewed favorably to the plaintiff on defendant’s motion for summary judgment (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), raises triable issues as to whether the parties orally *568 agreed to extend the terms of plaintiffs 2007 compensation agreement into 2008, as well as for the remainder of the year. Although plaintiff alleges that defendant’s principal agreed to extend the agreement, defendant’s principal testified that he did not agree to an extension of the 2007 compensation agreement and that in 2008, compensation payments were to be made at his discretion. That the parties had not entered into a written compensation agreement, as they had in the past, supports this position; however, plaintiff and a similarly-situated coworker received payments in 2008 that reflect the application of the 2007 agreements for each individual. While this may reasonably be explained as having been made for convenience, or to buy the principal time to decide how to compensate at-will employees during a difficult period for the financial market, an issue of fact precludes an award of summary judgment to either party.
Under the circumstances, reinstatement of the quantum meruit claim is warranted since the record reflects a triable issue of fact as to whether, in the absence of a contract, plaintiff is entitled to unpaid incentive compensation (see Haythe & Curley v Harkins, 214 AD2d 361, 362 [1st Dept 1995]). Concur— Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.