OPINION OF THE COURT
Terry Jane Ruderman, J.
*1077 Claimant’s counsel seeks an order granting him leave to withdraw as counsel in the prosecution of claim No. 117951. The claim alleges that claimant’s 26-year-old son died while incarcerated at Sing Sing Correctional Facility due to medical malpractice. Discovery has been completed and the matter was scheduled for trial to commence on May 28, 2013. A trial preparation conference was scheduled for March 25, 2013. Claimant’s counsel was granted an adjournment of the conference and he subsequently brought an order to show cause regarding his desire to withdraw as counsel.
The Rules of Professional Conduct provide that an attorney may withdraw from representing a client where there is good cause for the withdrawal (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c]). Among the sanctioned bases for withdrawal is where the conduct of the client renders it unreasonably difficult for the attorney to properly represent the client (see Walker v Mount Vernon Hosp., 5 AD3d 590 [2d Dept 2004]). For example, sufficient cause for withdrawal has been found where there are irreconcilable differences between the attorney and the client regarding the proper course to be pursued in the litigation and the client fails to pay attorney’s fees or expenses necessary to carry on the litigation (see Misek-Falkoff v Metropolitan Tr. Auth., 65 AD3d 576 [2d Dept 2009]).
Here, claimant’s counsel affirms that his office
“proceeded with this litigation in hopes of deriving a settlement . . . [h]owever, it is apparent that the State of New York has no interest in compensating the Estate of the Claimant based on the Doctrine of res ipsa loquitur, to wit: the 26 year old man would not expire in the absence of negligence or positive wrong doing [sic]” (claimant’s counsel’s affirmation ¶¶ 4, 5).
As correctly noted by defendant, the doctrine of res ipsa loquitur is not applicable to this medical malpractice case. Additionally, it is claimant who bears the burden of proving that any negligence attributable to defendant was a contributing cause of the decedent’s demise.
“The courts have 'an inherent and statutory power to regulate the practice of law’ (Matter of First Natl. Bank of E. Islip v Brower, 42 NY2d 471, 474 [1977]), and that power includes the authority to deny a motion to withdraw ‘because of the . . . failure to show good and sufficient cause warranting withdrawal under the Code of Professional Responsibility’ (J. *1078 M. Heinike Assoc. v Liberty Natl. Bank, 142 AD2d 929, 930-931 [1988]; see Code of Professional Responsibility DR 2-110 [c] [22 NYCRR 1200.15 (c)])” (Willis v Holder, 43 AD3d 1441, 1441 [4th Dept 2007]).
The mere waning of counsel’s “hopes of deriving a settlement” does not fall within the ambit of good and sufficient cause for withdrawal and this court will not countenance the abandonment of a client on the eve of trial. Thus, the court finds that movant has failed to demonstrate a good and sufficient basis warranting counsel’s withdrawal from his representation of claimant in this action (see Rann v Lerner, 160 AD2d 922 [2d Dept 1990] [no showing of alleged lack of merit of the underlying negligence action or that plaintiffs’ conduct rendered it unreasonably difficult for the firm to carry out its employment effectively]).
Accordingly, movant’s application for leave to withdraw as claimant’s counsel is denied.