(March 17, 2016)

■ MICHAEL NAUGHTON, Respondent, v WEST SIDE ADVISORS, LLC, Appellant. [27 NYS3d 151]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 1, 2014, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the claim for incentive compensation related to the West Side 5 fund, and, upon a search of the record, sua sponte, granted plaintiff partial summary judgment on his claim for bonus compensation for the first two quarters of 2009, unanimously modified, on the law, to vacate the grant of partial summary judgment to plaintiff, and to reinstate the cause of action for quantum meruit, and otherwise affirmed, without costs.

The motion court correctly found that plaintiff's 2007 compensation agreement, on which defendant relies in seeking the dismissal of plaintiff's claim for incentive compensation based on fees generated by the West Side 5 fund, is ambiguous (see Greenfield v Philles Records, 98 NY2d 562 [2002]), and

that the parol evidence submitted by defendant to demonstrate the intent of the parties does not resolve the ambiguity. The agreement provides that plaintiff will be paid based on "all fees" earned by defendant, which "presently" include fees from various other identified funds but "do[ ] not include fees from West Side 5." Defendant contends that the agreement unambiguously bars compensation related to the West Side 5 fund. Plaintiff contends that the term "presently" was meant as a description of the then current state of the funds (i.e., that West Side 5 was not generating fees), and not a permanent bar to compensation based on West Side 5. Both interpretations are reasonable. However, the parol evidence, which included statements by plaintiff that he did not expect compensation from West Side 5 because it was not generating fees, is itself inconclusive.

The court erred in sua sponte granting plaintiff summary judgment as to his claim for other bonus compensation for 2009. The court assumed that defendant did not·dispute that the parties had entered into an alleged oral agreement to extend the terms of the 2007 agreement. However, defendant merely argued that, even accepting the facts as alleged by plaintiff, it was entitled to judgment on this claim under the statute of frauds. It did not concede, either in its answer or in the joint statement of undisputed material facts, the existence of the alleged oral agreement.

Contrary to defendant's argument, the oral agreement as alleged by plaintiff was not barred by the statute of frauds since it was terminable at will and therefore could possibly have been performed within one year (*Cron v Hargro Fabrics*, 91 NY2d 362, 367 [1998]).

Because there has been no determination whether there was an express contract governing plaintiff's compensation, the quantum meruit cause of action should be reinstated (*see Haythe & Curley v Harkins*, 214 AD2d 361 [1st Dept 1995]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.