| **Johnson v Willis** |
| 2024 NY Slip Op 30337(U) |
| January 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805180/2017 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JOHN J. KELLEY

*Justice*

PART   56M

-----------------------------------------------------------------------X

SHAWNTAE JOHNSON and MICHAEL JOHNSON, as
Administrators of the Estate of TAEDEN M. JOHNSON,
deceased,

Plaintiffs,

- v -

VELEKA WILLIS, M.D., AMY MAGNESON, M.D., GALIT
STEINBERG, M.D., KIM CARAWAY, C.N.M., NEW YORK-
PRESBYTERIAN-THE UNIVERSITY HOSPITAL OF
COLUMBIA AND CORNELL, THE NEW YORK
PRESBYTERIAN HOSPITAL, and NEW YORK-
PRESBYTERIAN HEALTH CARE SYSTEM, INC.,

Defendants.

-----------------------------------------------------------------------X

| INDEX NO. | 805180/2017 |
| MOTION DATE | 07/27/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92

were read on this motion to/for          ATTORNEY – RELIEVE/X-MOTION DISMISS        .

In this action to recover damages for medical malpractice, the plaintiff's attorney, Vera Gretchyn Marino, Esq., moves pursuant to CPLR 321(b)(2) for leave to withdraw as counsel for the plaintiffs. Although the defendants do not oppose the motion, they cross-move, pursuant to CPLR 3126, to dismiss the complaint for the plaintiffs' failure to comply with prior discovery orders and demands or, alternatively, to require the plaintiffs to be ready to prosecute this action, with new counsel or pro se, to set a new date for a discovery conference, and to dismiss the complaint if no one appears at the conference on behalf of the plaintiffs. The plaintiffs' attorney opposes the cross motion. The court notes that it had directed the parties' attorneys and the plaintiffs to appear on September 6, 2023 for oral argument of the motion and cross motion. The defendants appeared by counsel, but neither the plaintiffs nor their attorney appeared. The motion of the plaintiffs' attorney to be relieved as counsel is denied. The cross motion is granted only to the extent that the court directs the parties' attorneys and the plaintiffs

805180/2017  JOHNSON, SHAWNTAE vs. WILLIS, M.D., VELEKA
Motion No. 005

Page 1 of 5

[* 1]

themselves to appear in person for a status conference on February 27, 2024 at 10:30 a.m., and that if no one appears on behalf of the plaintiffs, the complaint shall be dismissed pursuant to 22 NYCRR 202.27(b), and the motion is otherwise denied.

The failure of the plaintiffs' attorney to appear for oral argument, standing alone, warrants the denial of her motion to be relieved as counsel (*see generally U.S. Bank, N.A. v Hattim,* 185 AD3d 450, 451 [1st Dept 2020]).

In any event, the motion should be denied on the merits as well. CPLR 321(b)(2) provides that:

> "[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."

An attorney's right to withdraw as counsel is not absolute (*see Matter of Jamieko A.,* 193 AD2d 409, 410 [1st Dept 1993]). As a general rule, an attorney may obtain leave of court to terminate the attorney-client relationship at any time upon reasonable notice, for a good and sufficient cause, including the client's failure to pay legal fees and the failure to cooperate in his or her representation so as to cause a breakdown in that relationship (*see* 22 NYCRR 1200.0, Rule 1.16 [c]; *Misek-Falkoff v Metro. Tr. Auth.,* 65 AD3d 576, 577 [2d Dept 2009]; *Rivarderneria v New York City Health and Hosps. Corp.,* 306 AD2d 394, 395 [2d Dept 2003]; *Tartaglione v Tiffany,* 280 AD2d 543, 543 [2d Dept 2001]; *Adler v Mitchell,* 2022 NY Slip Op 50665[U], *2, 2022 NY Misc LEXIS 3194, *3 [Sup Ct, N.Y. County, Jul. 25, 2022]). Thus, where an attorney and his or her client evince "irreconcilable and irreparable differences that have destroyed their ability to continue their attorney-client relationship," the attorney should be permitted to withdraw as counsel (*Associated Food Stores, Inc. v 2927 Eighth Ave. Corp.,* 2010 NY Slip Op 31916[U], *2, 2010 NY Misc LEXIS 3338, *1 [Sup Ct, N.Y. County, Jun. 29, 2010]). Nonetheless, "[t]he intent of the rules requiring permission to withdraw is grounded on some client conduct that substantially interferes with the attorney-client relationship" (*Countryman v Watertown Hous.*

805180/2017  JOHNSON, SHAWNTAE vs. WILLIS, M.D., VELEKA
Motion No. 005

Page 2 of 5

2 of 5

*Auth.*, 13 Misc 3d 632, 633 [App Term, 1st Dept 2006]; *see Kiernan v Kiernan,* 233 AD2d 867, 868 [4th Dept 1996] [plaintiff's questioning of her attorneys' competence, strategy, and ethics rendered it unreasonably difficult for her attorneys to carry out their obligations of representation]).  The decision to grant or deny permission for counsel to withdraw lies within the discretion of the motion court (*see Tartaglione v Tiffany*, 280 AD2d at 543).

As the court explained in *Diaz v New York Comprehensive Cardiology, PLLC* (43 Misc 3d 759, 760 [Sup Ct, Kings County 2014]),

> "Rule 1.16 [of the Rules of Professional Conduct] permits an attorney to ethically withdraw from representing a client when the client's claim or defense 'is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law' (*see* Rules of Professional Conduct [22 NYCRR 1200.0]; rule 1.16[c]; [6]).  Courts have found circumstances permitting withdrawal under the former Disciplinary Rule to the same effect. (*See* Code of Professional Responsibility DR 2-110 [c]; [22 NYCRR 1200.15 (c)]; *Walker v Mount Vernon Hosp.*, 5 AD3d 590 [2d Dept 2004]; *Positano v Maimonides Med. Ctr.*, 238 AD2d 560, 561 [2d Dept 1997]; *Wells v Community Hosp. at Glen Cove*, 120 AD2d 584, 585 [2d Dept 1986]).  But courts have also found the circumstances not to warrant withdrawal pursuant to the rule. (*See Willis v Holder*, 43 AD3d 1441, 1441 [4th Dept 2007]; *LeMin v Central Suffolk Hosp.*, 169 AD2d 821, 821 [2d Dept 1991]; *Rann v Lerner*, 160 AD2d 922, 922 [2d Dept 1990]).  Rule 1.16 recognizes that some prejudice might result from the termination of the representation, even where withdrawal is permitted or required. (*See* Rules of Professional Conduct [22 NYCRR 1200.0]; rule 1.16 [e]).
>
> "Since an attorney presumably will not accept representation of a client whose claim or defense is sufficiently questionable so as to allow later withdrawal under the rule—or, at least, should not (*see Estate of Miolan v State of New York*, 39 Misc 3d 1076, 1078 [Ct Cl 2013])—counsel's 'negative reassessment of the merits of the plaintiff's case' (*see Wells v Community Hosp.*, 120 AD2d at 585) must be based on some change in circumstances as the matter progressed. (*See Kramer v Salvati*, 88 AD2d 583, 583 [2d Dept 1982] [withdrawal purportedly based on letter of medical expert more than three years after action commenced where court found letter indicated some merit to action])."

An attorney seeking to withdraw must first make a proper showing with respect to the alleged lack of merit of the action, as well as the client conduct that is alleged to make prosecution of the case unreasonably difficult.  Absent such showing, the motion to be relieved must be denied (*see Rann v Lerner*, 160 AD2d 922, 922 [2d Dept 1990]).  A mere disagreement between counsel and the client as to the merits of an action, or how best to proceed, is an

805180/2017  JOHNSON, SHAWNTAE vs. WILLIS, M.D., VELEKA                          Page 3 of 5
Motion No. 005

3 of 5

[* 3]

insufficient basis upon which to grant an attorney's motion for leave to withdraw from representation (*see Scher v Mishkit,* 2008 NY Misc LEXIS 712, 239 NYLJ 29 [Sup Ct, Suffolk County, Feb. 1, 2008]).

Inasmuch as counsel's application here apparently is premised on a mere disagreement with her clients as to the likelihood of success of the action, the court concludes that counsel is not entitled to withdraw from representation, particularly because it likely would leave the plaintiffs without any capacity to represent the estate of their deceased son, since a non-attorney administrator of a decedent's estate is barred under Judiciary Law § 478 from appearing pro se on behalf of the estate, unless he or she is the sole beneficiary of an estate that has no creditors (*see Martins v Memorial Sloan Kettering Cancer Ctr.*, 215 AD3d 474, 475 [1st Dept 2023]; *cf. Blunt v Northern Oneida County Landfill,* 145 AD2d 913 [4th Dept 1988] [non-attorney husband may not represent his wife in an action, but only himself]; *cf. also Discover Bank v Gilliam*, 199 AD3d 645 [2d Dept 2021] [a person who holds a power of attorney who is not also an attorney-at-law may not appear pro se on behalf of another nonlawyer]; *Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP*, 93 AD3d 452, 453 [1st Dept 2012] [same]; *Whitehead v Town House Equities, Ltd.*, 8 AD3d 369, 370-371 [2d Dept 2004] [same]).

That branch of the defendants' cross motion seeking to dismiss the complaint is denied, inasmuch as the defendants' counsel failed to establish that she satisfied a condition precedent to the submission of the motion, as set forth in 22 NYCRR 202.20-f(b), which requires that she attest to "having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference." Moreover, the defendants failed to establish that the plaintiffs' alleged failure to proceed with discovery was willful and contumacious. Nonetheless, the court grants the branch of the defendants' cross motion seeking an additional status conference, and compelling either the plaintiffs or their attorney to appear thereat lest the complaint be dismissed pursuant to 22 NYCRR 202.17(b).

805180/2017 JOHNSON, SHAWNTAE vs. WILLIS, M.D., VELEKA
Motion No. 005

Page 4 of 5

4 of 5

Accordingly, it is,

ORDERED that the motion of the plaintiffs' attorney is denied; and it is further,

ORDERED that the defendants' cross motion is granted to the extent that the court directs the parties' attorneys and the plaintiffs themselves to appear in person for a status conference on February 27, 2024 at 10:30 a.m., and that if no one appears on behalf of the plaintiffs, the complaint shall be dismissed pursuant to 22 NYCRR 202.27(b), and the cross motion is otherwise denied.

This constitutes the Decision and Order of the court.

__1/29/2024__
DATE

JOHN J. KELLEY, J.S.C.

| MOTION: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

805180/2017   JOHNSON, SHAWNTAE vs. WILLIS, M.D., VELEKA
Motion No.  005

Page 5 of 5

5 of 5