Riverstone Assoc. LP v Garcia (2025 NY Slip Op 50375(U))

[*1]

Riverstone Assoc. LP v Garcia

2025 NY Slip Op 50375(U)

Decided on March 24, 2025

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
Civil Court of the City of New York, Kings County

Riverstone Associates LP, Petitioners,

against
Anya Garcia, Respondent

Index No. 328089-22

Novick Edlestein Pomerantz, OC
733 Yonkers Ave
Yonkers, New York 10704
nonpay@novickedelstein.com
Attorneys for Petitioner - Riverstone Associates LP
Brooklyn Legal Services Corporation A
1471 Fulton Street
Brooklyn, New York 11216
tlendore@bka.org
Attorneys for Respondent - Anya Garcia

Sergio Jimenez, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's counsel's order to show cause (Seq. 6) and any other relief as the court may find appropriate:
[*2]Papers Numbered
Order to Show Cause (Seq. 6) with affidavits and exhibits 1 (NYSCEF No.55-64)
Affirmation in Opposition and exhibits 2 (NYSCEF #65-68)
After argument and taking into account the above listed papers, the court denies the motion in part and grants the motion in part. Respondent's counsel moves to withdraw as respondent's counsel. Petitioner does not oppose the motion and seeks to stay out of the respondent and their counsel's relationship. Respondent wants to maintain the relationship with her counsel, giving a variety of reasons why she was unable to comply with counsel's requests including a miscarriage[FN1]
 and other health reasons.
Historically, BKA has represented the respondent since at least August of 2023. Respondent's counsel now seeks to be relieved claiming that while "communicative" the respondent was "uncooperative." Respondent's counsel has not, to the satisfaction of this court, demonstrated that the respondent's conduct "substantially interfered" with the attorney-client relationship. The termination cannot solely be premised on the unwillingness to settle or the prospect of an unfavorable trial result (see Countryman v. Watertown Hous. Auth., 13 Misc 3d 632 [App Term, 1st Dept 2006]; Cambridge Leasing Property v. Cachimbo, 81 Misc 3d 1223[A][Civ Ct Queens County, 2023]). Here, the respondent being "communicative" but unwilling to take respondent's counsel's advice to attempt to obtain the funds to satisfy the judgment is itself a strategy, a losing one but a strategy, nonetheless. Unwillingness or being unable to follow through with counsel's instructions may lead to a loss — by way of an eviction - but that is a choice of litigation that the respondent, as being the ultimate decision-maker in litigation, has the autonomy to make and not be used by respondent's counsel as a means to terminate the representation. Litigants are well within their legal right to make bad decisions, it is a lawyer's job to advice as to the consequences of those decisions, not to hold those decisions against the person the lawyer purports to represent.
Counsel's suggestion that the court adjourn the proceeding for 30 days to ensure that respondent "cooperates" with them troubles the court. The court does not have the bandwidth, nor desire, nor jurisdiction to police internal workings of a party's relationship with their attorney. This suggestion also appears to run counter to the philosophy of legal services, which is outlined in the allocation of authority between client and law of the Rules of Professional Conduct (Rule 1.2[a]). The majority of New Yorkers who qualify for legal services have household incomes under 50% of the Federal Poverty Guidelines.[FN2]
 They also tend to have suffered from institutional racism by a variety of different authoritative and administrative bodies including Article 10 proceedings, immigration proceedings, and criminal justice system [*3]contacts. As in all of those situations, where counsel is assigned, respondent did not freely choose Brooklyn Legal Services Corporation A as their provider. Respondent showed up to court one day, was ferried from the resolution part to another room full of cubicles where they met with whatever organization was present in the room that day. Much like a criminal defendant who attends arraignments, they are at the mercy of whomever was staffing the arraignment shift by the institutional provider. In housing court, despite the well-meant re-branding efforts at creating a right to counsel, there is no such right as of now (1106 Remsen Realty LLC v. Hayden, 77 Misc 3d 1235[A][Civ Ct Kings County, 2023]). However, by this analogy, the court hopes to communicate that even without a choice, counsel is the one person who is supposed to be on the litigant's side. The court must interpret this lack of true choice, in conjunction with the realities of housing court representation, when interpreting the relationship. To carry the criminal analogy one step further, criminal attorneys do not seek to be relieved even when their clients are likely to lose. Here, the court feels that if the UA program is going to be interpreted as a "right to counsel," then all parties will have to act like it is an actual right and not a marriage of convenience.
Further, Rule 1.16(c)(7) only allows for permissive withdrawal if the client's failure to cooperate make the representation "unreasonably difficult." Here in housing court, if the court were to interpret the inability to pay nonpayment stipulations to make representation "unreasonably difficult," the court would have to allow the vast majority of attorneys to withdraw on any given day, thereby defeating the legislative intent of the UA program. As such, the motion is denied without prejudice to renew, should it become appropriate at a later date.
In the interest of justice, the court stays the execution of the warrant of eviction to April 11, 2025 for respondent to pay the balance outstanding through March 31, 2025, $14,111.50, plus April rent. Upon payment, judgment is satisfied and the warrant vacates. Upon default all stays are lifted and the warrant may execute after service of the marshal's notice, which may be done by mail with reasonably contemporaneous email notification to respondent's counsel. The court has considered in this discretionary exercise the longevity of the proceeding, the efforts made by the respondent's counsel in obtaining financial aid, the allegations of health issues made by the respondent, and the allegations of a continued working relationship on the side of the respondent. This constitutes the decision/order of the court.
Dated: March 24, 2025
Sergio Jimenez, JHC

Footnotes

Footnote 1: The court acknowledges that, without a fact-finding as to this respondent, that miscarriages or pregnancy losses have profound effects on women and their partners, which could include mental health problems including paralyzing depression (Jill Wieber Lens, Miscarriage, Stillbirth, & Reproductive Justice, 98 Wash. U.L. Rev. 1059).

Footnote 2: 
https://www.nyc.gov/assets/hra/downloads/pdf/services/civiljustice/OCJ_Annual_Report_2024.pdf