**Bldg 44 Devs. LLC v Pace Companies N.Y., LLC**

2025 NY Slip Op 31342(U)

April 17, 2025

Supreme Court, New York County

Docket Number: Index No. 650390/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

BLDG 44 DEVELOPERS LLC,

                              Plaintiff,

                    - v -

THE PACE COMPANIES NEW YORK, LLC D/B/A THE
PACE COMPANIES,

                              Defendant.

-----------------------------------------------------------------------------------X

THE PACE COMPANIES NEW YORK, LLC D/B/A THE PACE
COMPANIES,

                              Plaintiff,

                  -against-

NOBLE CONSTRUCTION GROUP, LLC, RKI
CONSTRUCTION LIMITED LIABILITY COMPANY D/B/A RKI
CONSTRUCTION CORP., AUTOMATED LOGIC
CORPORATION, XTREME MECHANICAL INSULATION, LLC,
ELITE CONSULTING SYSTEMS CORP., and PREMIER
INSULATION SERVICES CORP.,

                              Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650390/2020 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595631/2020

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 384, 385, 386, 387, 388, 389, 390, 391

were read on this motion to/for          ATTORNEY -
      DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW     .

      In motion sequence 010, Tarter Krinsky & Drogin LLP moves pursuant to CPLR

321 (b)(2) and rule 1.16 (c)(7) of the Rules of Professional Conduct (22 NYCRR 1200)

to withdraw as counsel for defendant The Pace Companies New York, LLC d/b/a The

Pace Companies because "[d]efendant has gone out of business. Tarter Krinsky &

Drogin LLP no longer has a client, is unable to communicate with a representative of the

**650390/2020   BLDG 44 DEVELOPERS LLC vs. PACE COMPANIES NEW YORK,**
  **Motion No.  010**
                                       **Page 1 of 4**

1 of 4

client and will not be paid for its services." (NYSCEF Doc. No. [NYSCEF] 385, Robert A. Banner[1] aff ¶ 3.) Defendant allegedly became insolvent and commenced assignment for the benefit of creditors procedure. (*Id.* ¶¶ 4-6; NYSCEF 386, Notice of Commencement of Assignment for the Benefit of Creditors; *see* Delaware Code Annotated title 10, §§ 7381-7387 [assignment for benefit of creditors statute]; *In re WindMIL Therapeutics, Inc.*, 2024 Del Ch LEXIS 70, *3, 2024 WL 1092326, *2 [Del Ch, Mar. 13, 2024, No. 2023-1294-PAF] [discussing assignment for benefit of creditors statute].)

Plaintiff BLDG 44 Developers LLC takes no position as to the relief sought, but requests that (i) the relief be conditioned upon the appearance of new counsel within 30 days and (ii) there be no stay.

> "An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct." (CPLR 321 [b][2].)

"Generally, there are three primary reasons allowing withdrawal of an attorney from a case: failure of a party to remain in contact with counsel; deterioration of the attorney-client relationship; nonpayment of legal fees." (*Countryman v Watertown Hous. Auth.*, 13 Misc 3d 632, 633 [App Term, 1st Dept 2006] [citations omitted].) Here, Tarter Krinsky & Drogin LLP has demonstrated that withdrawal is warranted. (NYSCEF 385, Banner aff ¶ 3.)

Accordingly, it is

---

[1] Banner is a partner with Tarter Krinsky & Drogin LLP. (NYSCEF 385, Banner aff ¶ 1.)

650390/2020   BLDG 44 DEVELOPERS LLC vs. PACE COMPANIES NEW YORK,    Page 2 of 4
Motion No.  010

2 of 4

ORDERED that Tarter Krinsky & Drogin LLP's motion to be relieved as counsel is granted upon meeting the following conditions:

ORDERED that Tarter Krinsky & Drogin LLP is directed to serve a copy of this order with notice of entry upon defendant at its last known address within five business days of this order, and by posting to the New York State Courts Electronic Filing System (NYSCEF); and it is further

ORDERED that, together with the copy of this order with notice of entry served upon defendant, Tarter Krinsky & Drogin LLP shall forward a notice directing defendant to appoint a substitute attorney.  Corporate defendants can only appear by counsel. (CPLR 321 [a]; *Park v Song*, 61 Misc 3d 1047, 1050 [Sup Ct, NY County 2018].)  If the corporate defendant fails to appear by counsel, it may constitute a default; and it is further

ORDERED that any new attorney retained by defendant shall file a notice of appearance with the Clerk of the General Clerk's Office and the Part 48 Clerk; and it is further

ORDERED that the filing of a notice of appearance with the Clerk of the General Clerk's Office, shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the issue of the reasonable value of legal services rendered and disbursements paid will be severed and referred to the Special Referee Clerk for assignment to a Special Referee to hear and report if Tarter Krinsky & Drogin LLP or

**650390/2020   BLDG 44 DEVELOPERS LLC vs. PACE COMPANIES NEW YORK,**
   **Motion No.  010**

**Page 3 of 4**

[* 3]

defendant informs the court of their request for such a referral within 30 days of the date of this decision and order. Otherwise, such a referral is waived; and it is further

ORDERED that Tarter Krinsky & Drogin LLP shall turn over the file pertaining to this case upon the fixing of the value of his services and the payment thereof (*Yaron v Yaron,* 58 AD2d 752 [1st Dept 1977]) or the posting of a bond for the payment; and it is further

ORDERED that there shall be no stay. (*See Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Sons Ltd.*, 213 AD3d 596, 597 [1st Dept 2023].)[2]

<table>
<tr><td>__4/17/2025__<br>**DATE**</td><td></td><td></td><td></td><td></td><td>**ANDREA MASLEY, J.S.C.**</td></tr>
</table>

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[2] Given the procedural posture of this case, whether the stay is imposed is practically irrelevant. The note of issue was filed on October 9, 2023. (NYSCEF 347, NOI.) The parties are awaiting decision on defendant's motion for partial summary judgment.

**650390/2020   BLDG 44 DEVELOPERS LLC vs. PACE COMPANIES NEW YORK,**          **Page 4 of 4**
  **Motion No.  010**

[* 4]