(December 14, 1995)

■ In the Matter of FINNIE D. HINES, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, Re-

spondent. [635 NYS2d 31] —Judgment, Supreme Court, New York County (Salvador Collazo, J.), entered on or about May 18, 1995, which, in a proceeding pursuant to CPLR article 78 challenging respondent's determination not to issue petitioner a target pistol license, denied the application and dismissed the petition, unanimously affirmed, without costs.

Denial of petitioner's application for a target pistol license on the basis of his convictions for false pretense (Maryland), criminal possession of a forged instrument (New York), and conspiracy to defraud the United States by dealing in counterfeit securities (Federal) was not arbitrary and capricious, notwithstanding his Certificate of Relief from disabilities from the New York conviction, the Certificate of Good Conduct from the New York State Division of Parole, and the letter from the Department of Treasury restoring his Federal firearms privileges. While these documents, considered together, might remove the automatic bar to licensure occasioned by petitioner's prior convictions (Penal Law § 400.00 [1] [b]), they did not prevent respondent from relying on the convictions in the exercise of his statutory discretion to deny a license for lack of "good moral character" or "good cause" (Penal Law § 400.00 [1] [a], [d]; *see*, Correction Law § 701 [3]). We cannot say that there is no rational relationship between petitioner's criminal history and his fitness for the license he seeks (*see*, *Sewell v City of New York*, 182 AD2d 469, 473; *Matter of St.-Oharra v Colucci*, 67 AD2d 1104). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.