■ In the Matter of CHARLES DALE, JR., Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [728 NYS2d 125] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered June 26, 2000, which denied petitioner's application to annul respondent Police Commissioner's denial of petitioner's application for a premises pistol license with target endorsement, and dismissed the petition, unanimously affirmed, without costs.

We hold that there is a rational relationship between petitioner's 1993 acts of public lewdness at the age of 31, resulting in two arrests, a conviction and an order of protection, and the "good moral character" required by Penal Law § 400.00 (1) (b) for issuance of the target pistol license that petitioner seeks (cf., Matter of Hines v Kelly, 222 AD2d 277, lv denied 87 NY2d 810). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HUNTER, Appellant. [724 NYS2d 604] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 23, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The court properly denied defendant's motion for a mistrial and appointment of new counsel made on the ground of conflict of interest. During trial, defendant's Legal Aid Society attorney learned that a person arrested for selling marijuana in close temporal and spatial proximity to the instant heroin sale, and allegedly resembling defendant, had been represented on his arrest by the Legal Aid Society as well, and argued that the alleged conflict impeded her efforts to attribute the instant sale to the other person. We find no conflict of interest (see, People v Perez, 70 NY2d 773), but that even if it were to be assumed that the situation constituted a conflict of interest, defendant has not established that the conflict adversely affected his attorney's performance (see, Cuyler v Sullivan, 446 US 335; People v Allen, 88 NY2d 831; People v Recupero, 73 NY2d 877). The record establishes that notwithstanding the claimed conflict, counsel pursued a line of defense concerning the marijuana seller. Moreover, this line of defense was far-fetched in any event, given the evidence. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.