█ In the Matter of SCOTT B. HECHT, Petitioner, v ANDREW P. BIVONA, as Judge of the Orange County Family Court, Respondent. [761 NYS2d 485] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Andrew P. Bivona, Judge of the Family Court, Orange County, dated

September 5, 2002, which, after a hearing, denied the petitioner's application for a pistol permit.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Family Court, Orange County, for a new determination in accordance herewith.

Contrary to the petitioner's contention, the respondent, a judge of a court of record in the county where the petitioner resides, is a licensing officer authorized to consider his application for the issuance of a pistol permit (*see* Penal Law § 400.00 [3]; § 265.00 [10]; *Matter of Terry D.,* 81 NY2d 1042, 1044 [1993]; *Matter of Naquan J.,* 284 AD2d 1, 3 [2001]; NY Const, art VI, § 1 [b]).

The respondent, however, erroneously concluded that the petitioner was precluded from applying for a pistol permit because he had been convicted of the crime of attempted criminal sale of a controlled substance in the third degree, a felony, approximately 16 years earlier. While a person who has been convicted of a felony ordinarily is barred from obtaining a pistol permit (*see* Penal Law § 400.00 [1]), the petitioner was issued a certificate of relief from disabilities which relieved him of "all disabilities." This unrestricted certificate of relief from disabilities removed the automatic bar to an application for, and issuance of, a pistol permit (*see* Correction Law § 701 [2]; *Matter of Hines v Kelly,* 222 AD2d 277, 278 [1995]; 1975 Ops Atty Gen [Inf Ops] 306; 1971 Ops Atty Gen 8). Consequently, the matter is remitted to the Family Court, Orange County, for reconsideration of the petitioner's application. We note, however, that the existence of the certificate of relief from disabilities does not preclude the Family Court from exercising its discretionary power to deny the application (*see* Correction Law § 701 [3]). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.