In the Matter of JAMES P. CAPUTO, JR., Appellant, v RAYMOND KELLY, Respondent. [987 NYS2d 46]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 30, 2013, denying the petition to annul respondent's determination, dated July 19, 2011, which denied petitioner's application for a premises (residence) handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination that petitioner's 2001 felony conviction for filing a false instrument in the first degree (Penal Law § 175.35) and misdemeanor conviction for assault in the third degree (Penal Law § 120.00), which stemmed from an incident that occurred in the course of his duties as a police officer and resulted in his dismissal from the police force, demonstrate the lack of good moral character required for a license to own a handgun is not arbitrary and capricious (*see* Penal Law § 400.00 [1] [b]; *Matter of Dale v Safir*, 283 AD2d 248 [1st Dept 2001]; *Matter of Hines v Kelly*, 222 AD2d 277 [1st Dept 1995], *lv denied* 87 NY2d 810 [1996]). Although petitioner's Certificate of Relief from Disabilities removed the automatic bar to licensure occasioned by his prior convictions, it "did not prevent respondent from relying on the convictions in the exercise of his statutory discretion to deny a license for lack of good moral character or good cause" (*Hines v Kelly*, 222 AD2d at 277 [internal quotation marks omitted]; *see also Matter of Hecht v Bivona*, 306 AD2d 410 [2d Dept 2003]).

Contrary to petitioner's contention, the Penal Law's requirement that an applicant for a firearm license be of good moral character passes intermediate constitutional scrutiny in the

wake of *District of Columbia v Heller* (554 US 570 [2008]) and *McDonald v Chicago* (561 US 742 [2010]), because "[i]t is beyond dispute that preventing the criminal use of firearms is an important government objective; and keeping guns away from people who have shown they cannot be trusted to obey the law is a means substantially related to that end" (*People v Hughes*, 22 NY3d 44, 52 [2013]). Concur—Tom, J.P., Moskowitz, DeGrasse, Richter and Kapnick, JJ. 