People v Udeke (2018 NY Slip Op 08094)





People v Udeke


2018 NY Slip Op 08094


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7725 4805/14

[*1]The People of the State of New York, Respondent,
v
Sixtus Udeke, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 15, 2015, convicting defendant, upon his plea of guilty, of aggravated family offense, and sentencing him to a term of one year, unanimously affirmed.
Defendant was not deprived of his right to conflict-free counsel as the result of the brief simultaneous representation of defendant and the victim, by different Legal Aid Society attorneys, in unrelated cases. When the People informed the court that the victim in this case had been arrested on shoplifting charges and had been represented at her own arraignment, a few days earlier, by a Legal Aid attorney, the plea court stated that it intended to relieve Legal Aid from the victim's case and assign new counsel that very afternoon. Before the court could do so, however, defendant accepted a pending plea offer, pleaded guilty, and was immediately sentenced.
On these facts, the record does not establish that any conflict operated to defendant's detriment or had a substantial relation to the conduct of his defense (see People v Harris, 99 NY2d 202, 210—211 [2002]; People v Miller, 19 AD3d 237 [1st Dept 2005], lv denied 5 NY3d 808 [2005]; People v Hunter, 283 AD2d 248 [1st Dept 2001], lv denied 96 NY2d 919 [2001]). The record fails to support defendant's assertion that as a result of the brief and limited simultaneous representation, defendant's own Legal Aid attorney failed to provide him with effective representation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK