Matter of Bradeanu v Davis (2020 NY Slip Op 06049)





Matter of Bradeanu v Davis


2020 NY Slip Op 06049


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 100276/19 Appeal No. 12195 Case No. 2019-05457 

[*1]In re Marius Bradeanu, Petitioner-Appellant,
v
Jonathan Davis, etc., et al., Respondents-Respondents.


Marius Bradeanu, petitioner pro se.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Judgment, Supreme Court, New York County (Carole Edmead, J.), entered on or about October 16, 2019, denying the petition to annul respondent's determination, dated July 8, 2019, which denied petitioner's application for a premises (residence) handgun license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly found that respondent had a rational basis for denying the application based on its finding that petitioner has failed to maintain the requisite good moral character for issuance of a handgun license, given, among other things, his 2008 driving while intoxicated arrest and infraction for driving while impaired, a 2009 police report of a domestic incident, and his record of driving infractions (see Matter of Olivera v Kelly, 23 AD3d 216 [1st Dept 2005], lv denied 6 NY3d 709 [2006]; Matter of Papaioannou v Kelly, 14 AD3d 459, 460 [1st Dept 2005]).
Under this Court's settled precedent, the licensing scheme (Penal Law § 400.00 et seq.) satisfies the requisite constitutional standard, intermediate scrutiny, as it serves a governmental interest in maintaining public safety (see Matter of Delgado v Kelly, 127 AD3d 644 [1st Dept 2015], lv denied 26 NY3d 905 [2015]; Matter of Esperon v Kelly, 125 AD3d 460 [1st Dept 2015]; Matter of Caputo v Kelly, 117 AD3d 644 [1st Dept 2014]; see also Kachalsky v County of Westchester, 701 F3d 81, 94 n 17 [2d Cir 2012], cert denied 569 US 918 [2013]), and petitioner offers no compelling basis to disturb this binding precedent, which correctly applied the Supreme Court's controlling decision in District of Columbia v Heller (554 US 570 [2008]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020