People v Subonteng (2026 NY Slip Op 00322)

People v Subonteng

2026 NY Slip Op 00322

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Ind No. 72754/23|Appeal No. 5642|Case No. 2024-03401|

[*1]The People of the State of New York, Respondent,
vKingsley A. Subonteng, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia (Mila) King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Dineen A. Riviezzo, J., at plea; Alvin M. Yearwood, J., at sentencing), rendered May 16, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the 10th condition of probation requiring him to pay $250 in surcharge and fees as a condition of his probation, and otherwise affirmed.
Defendant validly waived his right to appeal under "the totality of the circumstances" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). Although neither the oral colloquy nor the written waiver advised defendant of his right to counsel on appeal, the record shows that the court thoroughly appraised defendant of what an appeal was and what he was giving up by waiving his right to appeal. Under the totality of the circumstances, the failure to mention the right to appellate counsel alone is not enough to invalidate the waiver of appeal (see People v Santiago, 242 AD3d 519 [1st Dept 2025]). Defendant's valid waiver forecloses review of his excessive sentence claim (see People v Johnson, 234 AD3d 503, 504 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). In any event, we perceive no basis for reducing the sentence.
While defendant's Second Amendment challenge to New York's "good moral character" requirement in its firearm licensing scheme survives his waiver of the right to appeal, it is nevertheless unpreserved (see People v Johnson — NY3d &mdash, 2025 NY Slip Op 06528, *9, *10, *15 [2025]), and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (see Matter of Caputo v Kelly, 117 AD3d 644, 644 [1st Dept 2014]; see also Antonyuk v James, 120 F4th 941, 1001 [2d Cir 2024]).
Defendant's contention that counsel rendered ineffective assistance by failing to raise his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and thus, must be raised in a CPL 440.10 motion (see People v Holder, 224 AD3d 513, 514 [1st Dept 2024], lv denied 41 NY3d 1018 [2024]).
Defendant's challenges to the substance of his probation conditions survive defendant's wavier of the right to appeal and do not require preservation because those challenges implicate the legality of the sentence (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). The court providently deemed the seventh probation condition, which requires defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [to] not consort with disreputable people," as reasonably related to defendant's rehabilitation given defendant's multiple prior convictions, unlicensed weapon possession, daily use of marijuana, and the Department of Probation's recommendation that defendant would benefit from drug counseling services (see Lowndes, 239 AD3d at 575). However, we strike the 10th probation condition that required defendant to pay the mandatory surcharge and fees (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief.
Defendant's constitutional challenge to the seventh condition of probation is unpreserved (see Lowndes, 239 AD3d at 575), and we decline to consider this unpreserved claim in the interest of justice. As an alternative holding, we find the claim unavailing (see People v Carrasquillo, 242 AD3d 424 [1st Dept 2025]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026