Peck v Milbank LLP (2026 NY Slip Op 00322)

Peck v Milbank LLP

2026 NY Slip Op 00322

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 152290/22|Appeal No. 5693|Case No. 2025-00947|

[*1]Ian Peck, et al., Plaintiffs-Appellants,
vMilbank LLP, et al. Defendants-Respondents.

Press Koral LLP, New York (Matthew J. Press of counsel), for appellants.
Milbank LLP, New York (Robert C. Hora of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 17, 2025, which denied plaintiffs' motion for leave to file a second amended complaint alleging a breach of fiduciary duty claim against defendants, unanimously affirmed, with costs.
Defendant attorneys abandoned their argument, raised in response to plaintiffs' instant appeal, that the proposed breach of fiduciary claim was time-barred, as they did not challenge an adverse statute of limitations ruling on their prior appeal from Supreme Court's July 29, 2024 order (see Peck v Milbank, 242 AD3d 610, 611 [1st Dept 2025]; McHale v Anthony, 41 AD3d 265, 266 [1st Dept 2007]; see also Matter of Correction Officers' Benevolent Assn. v New York City Dept. of Corr., 157 AD3d 643, 643 [1st Dept 2018]).
Plaintiffs abandoned any argument regarding defendants' administration of the estate prior to grantor's death by not objecting to the initial adverse ruling on appeal addressing that issue (CPLR 5501), as well as by abandoning the argument in moving for leave to serve a second amended complaint (see Llach v L.I.C.C. Realty Co., 232 AD3d 548, 548 [1st Dept 2024]).
It is well settled that leave to amend shall be freely given absent prejudice or surprise (CPLR 3025[b]). A movant '"need not establish the merit of its proposed new allegations but [must] simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit'" (Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011] [internal quotation marks omitted]; see also Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024]).
Here, Supreme Court providently exercised its discretion in denying plaintiffs' motion for leave to file a second amended complaint. It is undisputed that defendants owed a fiduciary duty to both the trust and its beneficiaries (see Matter of Clarke, 12 NY2d 183, 187 [1962]). Plaintiffs allege that defendants violated that duty by inducing or counseling the estate's preliminary executor to take unreasonable action on outstanding note obligations owed by the individual plaintiff, Ian Peck, to the grantor, Ian's father. Specifically, they allege that the executor was induced to commence an action on the unpaid promissory notes. However, plaintiffs have set forth no specific allegations as to what defendants did or that the estate representatives took an unreasonable course of action. While plaintiffs point to a provision in the revocable trust which seemingly referenced the notes and which plaintiffs assert sets forth the action to be taken regarding the notes, the precise meaning of the provision was unclear as to the timing and course of action to be taken in addressing the outstanding note obligations owed to the Estate (see Peck, 242 AD3d at 610-611).
Plaintiffs have also failed to allege facts as would support a claim that defendants breached a fiduciary duty to the preliminary executor and to Ian's beneficiary interest by preparing a 2017 power of appointment (POA) that altered Ian's beneficiary interest. The POA was reviewed by an independent trustee to the controlling trust and executed by both the preliminary executor and the independent trustee. No specific allegations were made as to how the preliminary executor was allegedly induced by defendants to exercise the POA. The POA was thereafter altered in 2020 while the preliminary executor was represented by new counsel. While the language authorizing the POA in the trust provision limited the circumstances under which the preliminary executor could exercise it, such provision did not expressly impose a requirement of good faith or of reasonableness with respect to the donee's exercise of such power (see Estates, Powers and Trusts Law § 10-6.2).
Plaintiffs' allegation that individual defendant, attorney Georgiana Slade (Slade) had an undisclosed alleged conflict of interest concerning a commercial real estate venture in which her father Mr. Jarvis and the grantor shared an interest in (the Horseneck Trust), as well as other real estate ventures the grantor and Mr. Jarvis co-owned, also fails to support a breach of fiduciary duty claim. As to the Horseneck Trust, the grantor, who held a 40% interest therein, also held 5% of that 40% interest as a nominee in favor of Mr. Jarvis. Upon the grantor's death in April 2016, the preliminary executor assigned to Mr. Jarvis the 5% interest. Under the nominee agreement, Mr. Jarvis "was entitled to 5% of all the benefits of the entire ownership interest in the Property." Plaintiffs' allegations that the assignment of the 5% interest in the Horseneck Trust diminished the grantor's estate is refuted by the documentary evidence, as the grantor only held that interest as nominee for Mr. Jarvis.
Plaintiffs also alleged that Slade was motivated by a conflict of interest to cut Ian out of the grantor's estate, by means of the POAs, because she stood to inherit other interests in certain real property ventures that the grantor and Mr. Jarvis co-owned, and because she did not want to co-own such interests with Ian. These allegations are speculative and unsupported. The proposed SAC does not allege facts to show that Slade shared her father's alleged animosity towards Ian, that she knew she stood to inherit the shared investments from her father, or that having a shared financial interest would adversely affect her professional judgment in the context of the consolidated note and probate litigation (see Power Play 1 LLC v Norfolk Tide Baseball Club, LLC, 2017 WL 5312193, *3-4, 2017 US Dist LEXIS 187365, *8-10 [SD NY, Nov. 13, 2017, No. 17cv4831]; see also Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.7).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026